WEINGARTNER and others *v.* CHARTER OAK LIFE INS. CO.

*(Circuit Court, E. D. Missouri, E. D. October 8, 1887.)*

INSURANCE—INSOLVENCY OF COMPANY—ACTION BY POLICY-HOLDER.

The defendant, a mutual insurance company of Connecticut, but licensed to do business in Missouri, having become insolvent, the insurance commissioner began proceedings in the supreme court of errors of Connecticut, under Laws Conn. 1875, pp. 12, 13, §§ 1, 2, to annul its charter, and wind up its affairs. Holders of running policies in Missouri commenced suits by attachment in the courts of that state to recover the reserve value of their policies, upon the theory that the insolvency of the company worked a breach of the contract of insurance, and entitled them to sue for the present value thereof, but it was decided (*Fry v. Insurance Co.*, 31 Fed. Rep. 197) that they were barred by, and must be remitted to, the proceedings in Connecticut. *Held,* that the principle of the above case applied to an action in Missouri by the holder of a death claim.

Suit by Attachment by the holder of a death claim in a mutual life insurance policy.

*Geo. D. Reynolds,* for plaintiffs.

*J. S. Fullerton*, for defendant.

THAYER, J., (*orally.*) In the case of *J. Weingartner* v. *Charter Oak Life Insurance Company* the only question is whether the case is controlled by the decision in the case of *Fry* v. *Insurance Co.*, 31 Fed. Rep. 197, which was decided at the last term of this court. In the *Fry Case*, the holder of a running policy had brought suit by attachment in this jurisdiction against the Charter Oak Life Insurance Company, to recover the reserve value of his policy, upon the theory that the insolvency of the company worked a breach of the contract of insurance, and entitled him to sue for the present value of the same. In that case, we held that the Missouri policy-holder was presumed to be acquainted with the charter of the company in which he was insured, and with the insurance laws of the state of Connecticut, that regulated and determined its existence, and to have assented thereto when he became a member of the company by taking out a policy therein; and we further held that under the charter of the company, and the insurance laws of Connecticut, that determined and regulated its existence, an action by attachment could not be maintained in this jurisdiction by the holder of a running policy to recover its present value, so long as there was a proceeding pending in the name of the superintendent of insurance of the state of Connecticut against the company, in the courts of that state, to annul its charter, and to liquidate its affairs. We held, in substance, that when the company became insolvent, and proceedings were taken against it, in the statutory form, by the insurance commissioner of Connecticut, to liquidate its affairs, that proceeding, so long as it was pending, operated to preclude policy-holders from maintaining a suit against the company in this jurisdiction of the kind above described.

In the present case the suit is by the holder of a death claim, and the fact is supposed to make a distinction between the two cases, and to entitle this particular plaintiff to sue by attachment in this jurisdiction. We think, however, that that view of the case is erroneous. We think that a death claimant occupies the same position as the holder of a running policy; that both claims are claims preferred by persons who are members, or the representatives of members, of the corporation; and that both classes of claimants are bound by the charter of the company, and the insurance laws of the state, which regulate the existence of the company; and that both claims rest upon the same meritorious consideration,—that is to say, the premiums which the respective parties have paid to the company; and that the death claimant cannot maintain a suit by attachment in this jurisdiction as long as the proceeding is pending in the home state, at the instance of the superintendent of insurance, to annul the charter of the corporation, and liquidate its affairs. The death claimant, as well as the holder of a running policy, should intervene in that proceeding, instead of suing by attachment in this jurisdiction.

Of course, we do not determine in this case, and it is not necessary to determine, whether the holder of a death claim, when the assets of

the company are distributed, will be entitled to a priority over the holder of a running policy. That is a question which will be determined by the court in which the proceeding to wind up the affairs of the company is pending, and can more appropriately be settled by the Connecticut court according to the construction placed on the insurance laws of that state. All we hold at this time is that the plaintiff is in the wrong forum, and that the suit cannot be maintained so long as a prior proceeding to wind up the company is pending and undetermined in the state of Connecticut. Therefore the judgment will be the same as in the *Fry Case.* In other words, judgment will be entered for the defendant.