LEWIS COHEN v. THE SUPREME SITTING OF THE ORDER OF THE IRON HALL.

105 283
f116 271

*Mutual benefit associations—Action on certificate—Foreign receiver— Action in State court.*

1. The articles of association of a mutual benefit society provided that the benefits to which members were entitled should be paid at such times as might be provided by the laws governing such payment, or in the certificate of membership. After the issuance of a certificate which provided that if the member to whom it was issued should for seven years pay his assessments punctually, and maintain himself in good standing in the order, he should be entitled to a sum not exceeding the principal amount named in the certificate, less the amount which he might have already received as benefits, etc., a by-law was adopted providing that final benefits should, when found correct, be adjusted within 90 days from the date of the expiration of the certificate. And it is held that the by-law applied only to such certificates as, by their terms, made the benefit payable at the time fixed by the by-law.

2. On the same day that a receiver was appointed in another state for a foreign benefit association having local branches in this State, a member to whom a certificate had been issued by one of said local branches brought suit thereon in· this State, and supplemented such suit by garnishment proceedings. And it is held that, in the absence of proof that the appointment of the receiver preceded the commencement of the garnishment proceedings, the pendency of the suit in

which such appointment was made did not deprive the member of his remedy at law which he was seeking to enforce.[1]

Error to Wayne. (Hosmer, J.)   Argued February 12, 1895.   Decided May 21, 1895.

*Assumpsit.* Defendant brings error.   Affirmed.   The facts are stated in the opinion.

*C. E. Warner*, for appellant.

*Washington I. Robinson*, for plaintiff.

McGRATH, C. J.   The articles of association of the defendant order provide that "this association shall have power to make and change its own constitution and laws," and that one of the objects of the order is to "establish a benefit fund, from which members of the said order who have complied with all its rules and regulations, or the heirs of such members, may receive a benefit, in a sum not exceeding $1,000, which shall be paid in such sums and at such times as may be provided by the laws governing such payment, or in the certificate of membership, and when all the conditions regulating such payments have been complied with." Its constitution declares one of the objects of the organization to be to pay to members "an amount of not more than $1,000 when they have held a continuous membership in the order for seven years."

On the 20th day of July, 1885, the association issued to plaintiff a certificate, the material portions of which are as follows:

"For and in consideration of that Lewis Cohen has become a member of local branch No. 5, Order of the Iron Hall, and has obligated himself to obey all lawful commands of this order, whether emanating from the local branch of which he may be a member, or from this

---

[1] As to the exclusiveness of jurisdiction by the appointment of a receiver, and the time when it attaches, see note to *Re Schuyler's Steam Tow-Boat Co.*, (N. Y.) 20 L. R. A. 391.

supreme sitting, or from any other duly constituted authority, and of the sum of $2.50, which he has paid to said local branch as an assessment on account of the relief fund of this order, and of further assessments of a like amount to be paid as may be regularly and lawfully called for, and of an explicit compliance with all the laws, rules, and usages of this order, also all laws which may hereafter be enacted, and especially with the conditions herein set forth, do grant unto the said member this certificate, and declares him to be entitled to all the rights and privileges properly belonging to members of his rank and standing, including a benefit of not exceeding $1,000 from the relief fund of this order, which sum shall be paid in the manner and upon the conditions hereinafter mentioned, to wit:

"*First.* In case the said member shall continue to pay all assessments, dues, and demands which may be legally made against him, or against this certificate, for the full term of seven years from its date, making all such pay. ments punctually within the prescribed time, and shall in all particulars maintain himself in good standing in the order, then the said member shall be entitled to a sum not exceeding the principal amount named herein, less the amount which he has already received as benefits from the order on account of sickness or other disability, or otherwise."

The certificate contains no other reference to the laws, rules, or usages of the order, or to the time of payment of the principal sum named therein. The certificate matured July 20, 1892, and this suit was instituted August 23, 1892.

It appeared that on July 29, 1892, Albert R. Baker and others commenced a suit in the superior court for the county of Marion, Ind., against the defendant, for the purpose of dissolving the corporation; having a receiver appointed to take possession of all the assets and books of account, to collect all amounts due, and to disburse the same in such manner as the court might order and direct. On August 23, 1892, James F. Failey was appointed receiver by said court of all the property and effects of the defendant corporation; and the defendant, by such order, was required to make, execute, and acknowledge

an assignment of all debts, securities, bonds, notes, mortgages, and collaterals to the receiver. On August 24, 1892, an assignment was made by the defendant to James F. Failey, receiver. On December 2, 1893, a final decree was entered in said court and cause, in which it was declared that the defendant corporation was at the commencement of the action, and ever since had been, and then was, insolvent; that its assets and property should be reduced to money, and paid and applied upon its debts; that Failey should be continued as permanent receiver; and that all the members of the corporation, whether in the state of Indiana or elsewhere, in good standing, should participate in the distribution by said foreign receiver. This decree provided alike for all members of the order in other states as well as in Indiana, and fully preserved the equities of all. On September 27, 1892, Lewis P. Durkee also filed a bill in the circuit court for the county of Wayne, in chancery, substantially as in the case of Baker and others, against the defendant corporation, and praying that a receiver might be appointed ancillary to the foreign receiver. On October 1, 1892, Stephen Baldwin was appointed receiver in Michigan, with authority to collect and gather in the property; and on February 9, 1894, a final decree was entered in the court and cause, declaring that the corporation was on July 29, 1892, and ever since had been, insolvent, and unable to carry on its business, and that Baldwin be continued as permanent ancillary receiver, with authority to gather in the property of the corporation, etc.

It further appears that sometime after the issuance of the said certificate the association adopted a by-law which provided that:

"Final benefits shall be, when found correct, adjusted within 90 days from the date of the expiration of the benefit certificate, and claims for such final benefits must be filed within 30 days from the date of expiration."

It is contended:

1. That suit was prematurely brought.

2. That it was the duty of the plaintiff to resort to the Indiana court, and that suit could not be maintained by him in the Michigan court.

In the case of *Sabin v. National Union*, 90 Mich. 177, the certificate provided that the sum should be paid "pursuant to the provisions of the laws of this order governing said fund, upon sufficient proof," etc. The reference to the laws of the association in the present case cannot be said to relate to the time of payment, but rather to the affirmative obligations assumed by the holder of the certificate. Especially is this so in view of the fact that the articles of association expressly provide that the amount shall be paid "at such times as may be provided by the laws governing such payment, *or in the certificate of membership.*" The fundamental law therefore recognized the time of payment as fixed by the certificate, and the by-law subsequently passed applied only to such certificates as, by their terms, made the sum payable at the time fixed by the by-law.

Upon the second point, defendant cites *Rundel v. Association*, 10 Fed. Rep. 721; *Davis v. Association*, 11 Id. 781; *Taylor v. Association*, 13 Id. 493; *Fry v. Insurance Co.*, 31 Id. 197; *Parsons v. Insurance Co.*, 31 Id. 305; *Weingartner v. Insurance Co.*, 32 Id. 314; *Relfe v. Rundle*, 103 U. S. 222. In all of these cases a decree of dissolution had already passed and a receiver had been appointed at the domicile of the corporation. Several of them were cases in which the theory was that the funds in the hands of a branch association constituted a trust charged with the payment of the policy holders of that state. The Fry and Weingartner cases were attachment suits commenced in other states after the insurance commissioner had commenced proceedings under the statute of the state where the company was organized, and after a receiver had been appointed. The bill in the present case was not filed by a statutory officer charged with the supervision of insurance matters, and empowered, in a given contingency, to

proceed, but was filed by members of the corporation. Although it was filed in July, 1892, no decree was entered until December, 1893, and in the mean time a supplemental bill had been filed. The receiver was appointed August 23, 1892, and on the same day this suit was commenced, and an ancillary writ of garnishment was issued. In the absence of any statute recognizing fractions of days, it has been held that all judgments entered on the same day will be regarded as if entered at the same time. Freem. Judgm. § 370; *Rockhill v. Hanna,* 4 McLean, 554; *Bruce v. Vogel,* 38 Mo. 100; *Bank v. Gorman,* 8 Watts & S. 304, 308; *Burney v. Boyett,* 1 How. (Miss.) 39. In *Louisville v. Bank,* 104 U. S. 469, the court held that when the priority of one legal right over another, depending upon the order of events occurring on the same day, is involved, the rule that for most purposes the law regards the entire day as an indivisible unit is necessarily departed from. But, where a case turns on the question of which of two things was done first, the party having the burden of proof fails in merely showing that both were done on the same day. *Richards v. Fox,* 52 N. Y. Super. Ct. 36. If it be conceded that the prior appointment of a receiver by the Indiana court would have relegated plaintiff to that court, it does not appear, under either rule, that such appointment preceded the commencement of the present suit. We are of the opinion that under the rule laid down in *Granger v. Circuit Judge,* 27 Mich. 406, the pendency of the proceedings in the Indiana court did not deprive plaintiff of his remedy at law.

The judgment is affirmed.

LONG, GRANT, and HOOKER, JJ., concurred. MONTGOMERY, J., did not sit.