WHEELER v. SUPREME SITTING, ORDER OF IRON HALL.

1. MUTUAL BENEFIT ASSOCIATIONS — MATURED CERTIFICATE — RIGHT OF ACTION—DEFENSES.

   An action on a matured relief-fund certificate will not be dismissed upon the objection, raised for the first time at the trial, that the suit is prematurely brought, for the reason that the association is entitled to time within which to levy an assessment for the purpose of raising money to meet the claim, where it does not appear that the funds on hand are insufficient to pay the same, or that an assessment is necessary.

2. SAME—BY-LAWS—EFFECT ON EXISTING CONTRACTS.

   The adoption of by-laws by a mutual benefit association, prohibiting the assignment of certificates, and giving the association 90 days after maturity in which to make payment thereof, cannot affect the rights of members as to certificates previously issued, unless they expressly assent thereto.

Error to Wayne; Aldrich, J., presiding. Submitted June 11, 1896. Decided July 28, 1896.

*Assumpsit* by David W. Wheeler against the Supreme Sitting · of the Order of the Iron Hall upon relief-fund certificates.    From a judgment for plaintiff on verdict directed by the court, defendant brings error.    Affirmed.

*Griffin & Warner*, for appellant.

*Washington I. Robinson*, for appellee.

Moore, J.    The plaintiff sued the defendant on a relief-fund certificate issued to him by the defendant August 7, 1885, and upon two certificates that had been assigned to him before the commencement of the suit. These certificates were payable seven years from their date.    Suit was commenced August 27, 1892.    Judgment was rendered in favor of the plaintiff for the full amount of the certificates.    The defendant appeals.    It appeared in evidence that the plaintiff and the two assignors had each paid the assessments mentioned in the certificates for the full period required therein.    It also appeared that the certificates had been presented to the accountant of the local branch, after maturity, who informed the members that the money would be paid in a few days.    It was not paid, and suit was brought.

It is insisted by way of defense that, as respects a going concern, the court will not entertain jurisdiction to adjudicate a claim of a member upon a matured certificate issued by defendant; that the court, at least in the first instance, will compel the member to resort for payment to those methods which are prescribed by the constitution and laws, rules, and regulations governing the order, and therefore controlling the members.    It is claimed that the member must be deemed to know that, by reason of the by-laws, the money could not be paid by the accountant of the local branch, but must be paid by an order drawn by the supreme accountant on the supreme treasurer, signed by the supreme justice, and forwarded by him to the local accountant, who should, in turn, deliver it to the beneficiary, and receive a surrender of the certifi-

cate. It is also urged that, if there is no money in the treasury to pay the certificates, an assessment must be made, and that this suit is prematurely brought.

If there is any force in this contention at all,- it can only be when it is shown that the conditions urged exist as a matter of fact. There is nothing in the record to show that there were not funds in the treasury to pay these certificates, or that there was any occasion to make an assessment. There is no question about the sum to be paid the plaintiff, or the time the certificates matured. The certificates provide that if the member has paid assessments for seven years, and otherwise complied with the conditions, and has in all respects maintained himself in good standing, "the said member shall be entitled to a sum not exceeding the principal amount named herein, less the amount he has already received for sick benefits." All these conditions were complied with in this case. The certificates were presented to the accountant. The beneficiaries were informed that the money would be paid in a few days, and, as it was not paid, suit was brought, and it is not until the trial that it is urged that the certificates are not yet payable. We do not think the objection can be sustained, especially as there is nothing to indicate that the failure to pay is for want of funds in the treasury. *Silvers* v. *Benefit Ass'n*, 94 Mich. 39.

It is also claimed by defendant that there is no obligation to adjust a benefit certificate until 90 days from maturity; and, also, that claimants cannot bunch their certificates by assignment under the by-laws. The by-laws of 1891 give 90 days after maturity of benefit certificates in which to pay the losses, and also forbid transfers of membership certificates. It is probable that, after the maturity of these certificates, they became claims that could be assigned like other claims; but, whether that is so or not, these by-laws were not adopted until six years after the certificates sued upon were made. It

was held in *Starling* v. *Royal Templars*, 108 Mich. 440, that, where a mutual benefit society issued to a member a certificate of insurance, the subsequent adoption of a by-law by the society could not modify or change the contract of insurance without the express consent of the member.

We think there was no error in the trial of the case. Judgment is affirmed.

The other Justices concurred.