ROXBURY LODGE, No. 184, INDEPENDENT ORDER OF ODD FELLOWS, PLAINTIFF IN ERROR, v. WILLIAM HOCKING, DEFENDANT IN ERROR.

1. The general rule is that to secure property rights or enforce money demands against a social or beneficial organization, the member may in the first place prosecute his claim in the civil courts. The exception is where the constitution of the defendant body contains an express agreement binding its members first to seek their rights in the tribunals of the order before bringing an action at law. In this case there was no such agreement or provision which entered into the contractual relation between the parties, and therefore suit at law will lie.

2. The established rule that "words in a statute ought not to have a retrospective operation, unless they are so clear, strong and imperative that no other meaning can be annexed to them," should be applied in the interpretation of by-laws of social and beneficial organizations in controversies with members in the civil courts.

On error to the Morris Circuit.

This case was tried at October Term, 1895, of the Morris Circuit, before his Honor William J. Magie, judge of said Circuit Court, and a jury, and a verdict rendered by direction of the court, for the plaintiff, for the sum of $318.88. The judgment was removed into this court by writ of error.

For the plaintiff in error, *William A. Stryker.*

For the defendant in error, *Mahlon Pitney.*

The opinion of the court was delivered by

VAN SYCKEL, J. The defendant in error, who was the plaintiff below, brought this suit against Roxbury Lodge, of which he is a member, to recover "sick benefits" from April 20th, 1893, to February 9th, 1895.

The plaintiff's action is founded upon article 9, section 1 of the by-laws of the lodge, which reads as follows:

"Sec. 1. Every brother who has been a member of this

lodge for six months, who is not disqualified by article 10 of these laws, shall, in case of being rendered incapable by sickness or disability of following his usual occupation, make known his case within one week to the lodge, or to one of the visiting committee, and he shall be entitled to and shall receive out of the funds of the lodge, provided he hath attained the third degree, three dollars ($3) per week, and all others two dollars and fifty cents ($2.50) per week during his sickness or disability, commencing not more than one week anterior to his notice; provided, such sickness or disability does not proceed from immoral conduct on his part; and provided also, that no benefit shall be allowed for sickness or disability for less than one week, then *pro rata* according to the time so sick or disabled, each week to consist of seven days."

On the 14th day of September, 1893, which was five months after Hocking's disability, and right to benefits commenced, the by-laws of the lodge were changed, reducing the amount of benefits to which disabled members are entitled.

Two questions are involved in the controversy—

*First.* Whether before instituting this suit Hocking was bound to appeal to the Sovereign Grand Lodge of the order for the redress which was denied to him by Roxbury Lodge.

*Second.* Whether Hocking is bound by the by-laws reducing his benefits.

Both these questions were decided by the trial court in favor of Hocking.

Where the question is a social one, involving discipline or the conduct or standing of a member of the lodge, he must exhaust his remedy in the tribunals of the lodge before he can invoke the aid of the civil courts. *Zeliff* v. *Knights of Pythias*, 24 *Vroom* 536.

In that case the court observed that there is a distinction between cases in which the association subjects its members to discipline for violation of its rules and those instances in which the member seeks to enforce money demands against the social organization. In the latter case a contractual relation exists between the society and its members, as was recog-

nized in *Holland* v. *Chosen Friends*, 25 *Vroom* 490, and that draws to it a legal rule not applicable to the subject of discipline.

The general rule is that to secure property rights or enforce money demands, the member may, in the first place, prosecute his claim in the civil courts.

The exception is where the constitution of the defendant organization contains an express agreement binding its members first to seek their rights in the tribunals of the order before bringing an action at law.

That was the posture of affairs in *Ocean Castle* v. *Smith*, 29 *Vroom* 545, and our Supreme Court distinctly ruled that these lodges may provide methods for hearing the controversies of their own members, and that the members may bind themselves to have recourse thereto in the first instance and before invoking the civil courts.

The agreement to exhaust the remedy provided by the lodge enters into and becomes an inseparable part of the contractual relation, and the member cannot enforce the contract on the part of his lodge without executing it on his own part.

The same view was taken by this court in affirming the case of *Smith* v. *Ocean Castle*, 30 *Vroom* 198.

In the principal case the constitution of the lodge provides, with much detail, the mode of procedure before the lodge and for appeal where charges are preferred against a member, but no provision is made for the trial and enforcement of a claim to benefits.

The only reference to a prosecution in the tribunals of the lodge for a money demand is in the proviso of rule 13, which reads as follows:

"That in all cases of appeals to the Grand Lodge of New Jersey, the fact of such an appeal shall act as a stay of proceedings; and in all cases appealed to the Sovereign Grand Lodge the fact of such an appeal shall act as a stay of proceedings, and the decision of the subordinate shall be final until reversed by the Sovereign Grand Lodge; provided, when an appeal refers to benefits, the amount in dispute shall

be paid by the subordinate lodge to the Grand Secretary to await the final determination of the case."

The express provision for procedure in the lodge being restricted to matters of discipline by implication excludes the idea that money demands are to be taken cognizance of by the tribunals of the defendant order. It also necessarily limits the application of rule 13 as to appeals to cases in which the constitution and by-laws give an appeal. As in this case there is no provision made for a trial within the lodge, there can be no appeal to which rule 13 is applicable.

It is true that the proviso in rule 13 says "when an appeal refers to benefits," &c.

The function of a proviso is to restrain the enacting clause and to except something which would otherwise have been within it, or in some measure to modify the enacting clause. *Wayman* v. *Southard,* 10 *Wheat.* 30 ; *Voorhees* v. *Bank,* 10 *Pet.* 449 ; *Lanning* v. *Lanning,* 2 *C. E. Gr.* 228 ; *Minis* v. *United States,* 15 *Pet.* 423 ; *Pott. Dwar. Stat.* 118 ; *Sedgw. Stat. Con.* 49 ; *End. Stat.,* §§ 184, 186.

Article 9, section 1 of the by-laws imposes an absolute liability to pay sick benefits in cases within its terms, without in that or in any other provision requiring the member to submit his claim to the adjudication of any body within the lodge. No prior adjudication by the lodge being provided for, the proviso in rule 13 cannot impose upon the member the duty to take an appeal.

The trial court, in maintaining the right of the member to prosecute this suit, committed no error.

The constitution of the lodge, article 5, section 6, provides that a sick member shall be entitled to such weekly benefits as shall be fixed by the by-laws.

The by-laws adopted by the lodge and in force at the time Hocking became sick, provided the weekly allowance he recovered in this suit.

Whether the lodge had power to reduce the allowance to the plaintiff below by changing the by-laws after he became sick need not be decided in this case.

The by-law of September 14th, 1893, relied upon by the lodge, does not on its face purport to apply to any member whose sickness or disability antedates its passage.

The language is: "That every brother who has been a member for six months shall, in case of being rendered incapable by sickness or disability, be entitled to receive the reduced allowance therein specified."

This refers to future disability—to members who become disabled after its passage. This construction is in accordance with the rule adopted in many adjudged cases. *Cohen* v. *Supreme Sitting,* 105 *Mich.* 283; *Wheeler* v. *Supreme Sitting,* 68 *N. W. Rep.* 229.

In this state the leaning of the courts has always been against giving to statutes any retroactive effect, and as a general rule, unless the retrospective intention clearly appears, a statute will be construed to be prospective only. *Belvidere* v. *Warren Railroad Co.,* 5 *Vroom* 193; *Baldwin* v. *Newark,* 9 *Id.* 158; *Elizabeth* v. *Hill,* 10 *Id.* 555; *Williamson* v. *New Jersey Southern Railroad Co.,* 2 *Stew. Eq.* 311.

In the case last cited this court declared that "words in a statute ought not to have a retrospective operation unless they are so clearly strong and imperative that no other meaning can be annexed to them or unless the intention of the legislature cannot otherwise be satisfied."

No reason appears why this by-law, which declares what shall be the law as between these parties, shall not be subject to the rule of interpretation which pertains to the construction of statutes.

In my opinion there was no error of law in the trial court, and the judgment below should therefore be affirmed.

*For affirmance*—COLLINS, DEPUE, DIXON, GARRISON, GUMMERE, LIPPINCOTT, LUDLOW, VAN SYCKEL, ADAMS, BOGERT, HENDRICKSON, NIXON. 12.

*For reversal*—None.