THE SOCIETA DI MUTUO SOCCORSO ED ISTRUZIONE FRA GLI OPERAI ITALIANI, PLAINTIFF IN ERROR, v. PAULINA CENNI, DEFENDANT IN ERROR.

Submitted December 5, 1898—Decided March 6, 1899.

The by-laws of a beneficial association provided that the amount of the mortuary tax paid by the other members in every case of death of an active member, shall be remitted to that one of the heirs who shall be adjudged to have the greatest right thereto. *Held,* that an adjudication of the society as to who had the greatest right was necessary to enable an heir to maintain an action therefor.

On error to the Supreme Court.

For the plaintiff in error, *William B. Gourley.*

For the defendant in error, *Ralph Shaw.*

The opinion of the court was delivered by

THE CHANCELLOR.    This action was commenced in the District Court of the city of Paterson, from thence by appeal it was taken to the Court of Common Pleas of Passaic county, and from that court it was removed to the Supreme Court by *certiorari.*    In the last-named court a review was had upon the state of the case prepared by the judge of the Court of Common Pleas, with which was incorporated his opinion.

The plaintiff in error is a mutual benefit society, incorporated under the laws of this state, of which one Vito Cenni, who died on the 14th of June, 1897, was a member in good standing at the time of his death.    Upon the death of such a member the society bound itself by its by-laws to pay a benefit of $200.    The provision for the payment of this benefit was incorporated in the ninety-ninth article of the by-laws, a translation of which appears in the state of the case in this language :

" Article 99. The amount of the mortuary tax paid by the

active members in every case of death of an active member of the society shall be remitted to that one of the heirs of the deceased who shall be adjudged to have the greatest right to it, in manner following—that is, one-quarter twenty-four hours after the presentation of the relative act of death duly signed by the society's physician or one duly authorized, five-eighths fifteen days afterward and the remaining one-eighth one month after the death of the member took place."

It was questioned, in taking proofs, whether the word "heirs" in this translation is the correct interpretation of the Italian word used. The word is "eredi," which is claimed to have a broader meaning than heirs or distributees at law. It is said to designate the father, mother, sister, brother, widow or children of a decedent or indeed anyone bearing near relation to him. Its exact meaning is not settled in the state of the case except so far as it holds that the widow of Vito Cenni is within the class designated by it. The plaintiff in error so regarded the meaning of the word when it was applied to, to pay to the defendant in error as the widow of Vito Cenni the benefit and refused the payment, not because it should not be made to a wife, but because two women, each claimed to be the lawful widow of Vito Cenni, and it desired that it should clearly appear which of the two women was entitled to that position. On the 18th of October, 1897, it decided not to pay the benefit to the defendant in error "until it clearly appeared who was entitled" to the benefit. Subsequent to this decision and before other action was had by the society, the present suit was commenced.

It does not appear that a benefit certificate of any kind was issued to Vito Cenni. The benefit was provided for in the by-laws alone. From the only portion of those by-laws found in the case, that which has been quoted, we infer that upon the decease of each active member a tax, called the mortuary tax, is assessed upon the remaining active members to raise the $200 benefit and that that tax or benefit is, as prescribed by the by-laws, paid by the society to "that one of the *eredi* of the deceased who shall be adjudged to have the

greatest right to it." Only one of the class indicated is to
have the benefit. Who that one shall be is determined by an
adjudication, the object of which is to ascertain which indi-
vidual of the class has the greatest right to it. Until such
adjudication shall be had no right in any individual to more
than an adjudication as to who has the greatest right, exists.
In view of the fraternal and beneficial purposes of the society
it is considered that the one of the *eredi* who has the greatest
right to the death benefit of a member is the one of the
decedent's *eredi* who at the death of the member has the
highest moral claim to this benefit in virtue of relations there-
tofore existing between him or her and the decedent, rather
than the one who has paramount legal right. The legal right
may belong to several. The benefit is to go to one. And
we think that the tribunal intended to adjudge that right is
the fraternal society. When it is considered that the benefit
is the small sum of $200 and that necessary processes of
regularly constituted legal or equitable tribunals, to determine
between members of perhaps a numerous class, each of whom
must have his or her day in court, must be disproportionately
expensive to the amount of the benefit to be awarded, it is
obvious that such tribunals were not intended. It is dis-
closed that the society usually pays the benefit to the widow
of the decedent without much, if any, inquiry as to justness
of that payment upon the assumption that her right is the
greatest. In this case the double claim to the widowhood
interfered with that course and careful inquiry became neces-
sary. The attitude of the society is, that upon the allega-
tions made to it, it determined that proofs were necessary to
its adjudication. Before the commencement of this suit it
had not received satisfactory proofs so that the right clearly
appeared, and had not adjudicated who had the greatest right
to the benefit. Such adjudication by the society in behalf of
the defendant in error we deem to have been necessary to
enable her to maintain her action. Right of action did not
accrue to her even if she be the lawful wife of the decedent,
from the mere habit of the society to pay the death benefit to

the widow. The society had the right if the lawful widow had not the greatest right to the benefit, to refuse to pay her.

Let the judgment below be reversed.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, DEPUE, VAN SYCKEL, DIXON, GARRISON, LUDLOW, COLLINS, BOGERT, NIXON, HENDRICKSON, ADAMS, VREDENBURGH. 13.

---

62. 655
70 292
70 359