J. NEAFIE JOHNSON, PLAINTIFF IN ERROR, v. THE MUTUAL GUARANTEE BUILDING AND LOAN ASSOCIATION, DEFENDANT IN ERROR.

Argued June 20, 1901—Decided November 15, 1901.

The by-laws of a building and loan association prescribed the amount of money a member should be entitled to receive upon withdrawal therefrom, and also provided that no amendment should be made to such by-laws unless thirty days' previous notice thereof should have been given. *Held*, that a subsequent by-law, passed without such notice, did not preclude a member upon withdrawal from recovering the amount due under the by-law in force when he became a member of the association.

On error to the Monmouth Circuit.

For the plaintiff in error, *Frederick Parker.*

For the defendant in error, *John Mulford Enright.*

The opinion of the court was delivered by

VOORHEES, J. The plaintiff in error is a mutual building and loan association, having its main offices in Camden and Philadelphia; the defendant in error became a member thereof by subscribing for certain shares of its stock and paying the admission fee thereon and the monthly dues required by the rules of the association. He afterwards became the owner of certain other shares of the stock by assignment and transfer. The by-laws of the association in force when the defendant's stock was taken provided that an admission fee should be paid and also a monthly payment made upon each share of stock, and that after such monthly payments had been made for a prescribed time any shareholder might withdraw, after due notice, and would be entitled to receive from the association the moneys paid therein on his stock, less the admission fee, certain premiums and the amount fixed by the by-laws for the expense of maintaining the association, together with interest at the rate of six per cent. per year for the average time the

moneys had been in the possession of the association. It was admitted that the admission fee and monthly dues had been duly paid, and that a proper notice of withdrawal had been given, and that the withdrawal value of the stock should be paid; the only controversy was, should this value be ascertained under the provisions of the by-laws in force when the subscriptions were made, or under amendments thereto introduced years afterwards?

The by-laws contained a provision that they could only be altered or amended at an annual meeting or a special meeting called for that purpose, of which thirty days' notice should be given by publication, and that no amendment should be made unless thirty days' previous notice thereof should have been given. This provision undoubtedly required that the attention of the stockholders should be directed, by such notice, to the nature of the change in the by-laws proposed to be introduced at such meeting.

A special meeting was called for November 17th, 1892, the object of which, as given in the notice published in a newspaper printed in Camden and another in Philadelphia, was "for the purpose of amending the by-laws." At this meeting certain changes were made, increasing the amount to be deducted for the expense of maintaining the association. At an annual meeting of the stockholders, held April 24th, 1899, an attempt was made to amend the by-laws by inserting the following article: "Members can withdraw at any time after twelve months by giving thirty days' notice, and will be entitled to receive the full amount of installment dues paid in (less any fines or proportionate share of any loss), together with such profits as the board of directors may, from time to time, determine."

The notices of these meetings were given by publication only. No personal notice was sent to the stockholders. Neither notice specifies any particular change or alteration of any by-law. The first speaks generally of amending the by-laws, and the last only calls for an annual meeting, and does not refer, in any way, to any contemplated change.

The by-laws provide the only means by which amendments

may be made thereto and the necessary notice to be given thereof, and the notices given of the above meetings were not in compliance with such by-laws. The amendments are nugatory, and the defendant's vested rights cannot be impaired thereby. *Kent* v. *Quicksilver Mining Co.,* 78 *N. Y.* 159; *Loewenthal* v. *Rubber Reclaiming Co.,* 7 *Dick. Ch. Rep.* 440; *Roxbury Lodge* v. *Hocking,* 31 *Vroom* 439.

The defendant demanded the amount due him, on the withdrawal of his stock, calculated under the by-laws in force at the time of his subscription. The case was tried without a jury, and the learned justice who presided directed a judgment for the amount. The only error assigned was to that direction. We find no error in the ruling, and the judgment below is affirmed.

*For affirmance*—THE CHANCELLOR, DEPUE (CHIEF JUSTICE), VAN SYCKEL, DIXON, GARRISON, GUMMERE, GARRETSON, HENDRICKSON, BOGERT, ADAMS, VOORHEES, VROOM. 12.

*For reversal*—None.