HENRY C. PITNEY, JOHN R. EMERY, ALFRED REED,
FREDERIC W. STEVENS, MARTIN P. GREY AND
EUGENE STEVENSON, VICE-CHANCELLORS.

GRAND LODGE, ANCIENT ORDER OF UNITED WORKMEN OF
NEW JERSEY,

*v.*

MARY A. GADDIS et al.

[Filed July 14th, 1903.]

1. The constitution and laws of a beneficial society contained a provision that its members agreed to submit their grievances, in the first instance, to an internal tribunal of the society, and that having so agreed they cannot, against the protest of the society, maintain a civil action against

(1)

it until the condition precedent of submission to such tribunal has been, in legal contemplation; complied with. To a bill of interpleader by the complainant society, one of the defendants pleaded in bar that complainant's constitution provided for a board of arbitration to first pass on conflicting claims, but failed to allege that such a method of adjudication had been demanded before the commencement of this suit.—*Held,* that under such circumstances the plea was defective.

2. Whether an association of this sort may not waive the provisions for an adjudication under its charter or may not in any case seek an injunction against threatened actions at law, *quœre.*

On plea of Mary A. Gaddis.

*Mr. Walter A. Barrows,* for the complainant.

*Mr. Henry J. Melosh,* for Mary A. Gaddis.

MAGIE, CHANCELLOR.

The complainant's bill seeks a decree of interpleader. It sets forth that it is a fraternal benefit society, located and doing business in this state, under the provisions of the act entitled "An act regulating fraternal and beneficiary societies, orders or associations," approved March 11th, 1893 (*P. L. of 1893 p. 232*); that on November 25th, 1881, one James Dickson was duly admitted to its membership,. and continued therein until his death, on December 26th, 1902. It charges that, pursuant to its laws, James Dickson, on his admission, designated as his beneficiaries, to receive out of the beneficiary fund, "$2,000 to Annie Dickson in trust for children bearing relationship of wife and children;" that a beneficiary certificate was issued by complainant to said James Dickson in favor of said beneficiaries; that about December 3d, 1898, James Dickson, asserting that the certificate issued to him had been lost, made application, in a form prescribed by complainant's laws, for another certificate to be issued in duplicate of that lost; that complainant issued to him another certificate, intending it to be a duplicate, but the officer who issued it inserted therein as beneficiary the name "Mary Agnes Dickson, bearing the relationship of daughter," and such certificate was delivered to James Dickson, and remained in his possession until his death; that the mistake

therein was not discovered until after his death, and that while the laws of complainant permit the member to change his beneficiary, no application for such a change was made by James Dickson, but that his only application was for a duplicate certificate of that which had been lost.

It further charges that, at the death of James Dickson, he left him surviving his widow, Annie Dickson, and six children, one of whom is Mary Agnes Dickson, who is the defendant now called Mary A. Gaddis; that Mary A. Gaddis claims from the complainant the payment of $2,000, under the second certificate above mentioned, and threatens to bring an action at law against complainant for it; and that the widow and the other children also claim from the complainant the $2,000, under the provisions of the first certificate, and they threaten to bring an action at law against complainant therefor.

The complainant acknowledges its liability for the payment of said sum, and expresses its willingness to pay the same to the person or persons lawfully entitled thereto, and offers to pay the same into court.

The complainant asks an injunction restraining the respective defendants from proceeding against it in actions at law.

To this bill no defence has been interposed by any defendant except Mary A. Gaddis. As to all the other defendants a decree pro confesso could now be taken, and they may be considered as submitting to the jurisdiction of this court.

The defendant Mary A. Gaddis has interposed a plea to the jurisdiction of this court, and thereby asserts that, by the constitution and laws of the complainant, there is a board of arbitration to hear and determine all controverted questions as to distribution and disbursement of the beneficiary fund of the complainant, in which board is vested jurisdiction to hear and determine all controversies as to complainant's liability on claims for benefits and as to who are the beneficiaries when conflicting claims are set up; that, by the express terms of the laws in this respect, the rights of all parties to such controversies shall be determined, in the first instance, in that tribunal, without recourse to the courts of law, and that, before this court can obtain jurisdiction in the case presented by the bill, complainant must

comply with the provisions of its own laws and procure adjudication from its own tribunal.

The plea was filed May 11th, 1903. The complainant did not reply or take issue upon it. On notice of defendant's counsel argument upon the plea was brought on without objection from the complainant's counsel.

It is settled law in this state that the 'members of beneficiary associations may agree to submit their grievances, in the first instance, to an internal tribunal of their society, and that, having so agreed, they cannot, against the protest of said society, maintain a civil action against it until the condition precedent of submission to such tribunal has been, in legal contemplation, complied with. *Ocean Castle* v. *Smith, 29 Vr. 545; S. C., 30 Vr. 198; Roxbury Lodge* v. *Hocking, 31 Vr. 439; Societa* v. *Cenni, 33 Vr. 652.*

A plea is a special answer, showing or relying upon one or more things as a cause why the suit should be either dismissed, delayed or barred. The question is whether the facts set up in this plea bar this court from taking cognizance of the case made by the bill.

Without determining whether an association of this sort may not waive the provision for an adjudication in the court constituted by its laws, or whether it may not seek an injunction against threatened actions at law, I have reached the conclusion that the plea is otherwise defective. It asserts the existence of a tribunal having jurisdiction over conflicting claims to this fund, made by the pleader on one side and the other defendants on the other side. It fails to assert that either she or the other defendants have demanded an adjudication from that tribunal, or have initiated any contest upon which the tribunal could act. In the case of such conflicting claims, such an adjudication must be sought by the claimants, and the tribunal is without power to initiate a proceeding, or bring in the contending parties by its own motion. Under these circumstances, the complainant, having the money in hand, and being ready to pay it, may well resort to the only tribunal which can protect it from threatened actions at law, and may, in that mode, require the contending parties to submit their respective claims to judicial arbitrament.

The plea must therefore be overruled.