MARGARET SAUTTER v. SUPREME CONCLAVE IMPROVED ORDER OF HEPTASOPHS.

Argued November 1, 1904—Decided January 12, 1906.

An agreement by a person applying for membership in a benefit association, and for insurance therein, that he will comply with such rules and regulations as the association may thereafter enact for its own government, or the government of its fund, does not authorize the association to change the contract of insurance which it makes with him in such manner as to relieve it, to a material extent, from the liability created thereby.

On demurrer to plea.

Before GUMMERE, CHIEF JUSTICE, and Justices GARRISON, GARRETSON and REED.

For the demurrant, *Joseph A. Beecher.*

For the defendant, *W. Holt Apgar.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. This is an action upon a benefit certificate issued by the defendant association to August Sautter, a member of its Newark City Conclave, on the 10th day of January, 1899, in and by which it promised to pay out of its benefit funds to his wife, the plaintiff in

this action, the sum of $1,000, upon satisfactory proof of his death and the surrender of the certificate, provided he should be in good standing in the order at the time of his death.

The plea demurred to sets up as a defence to the action that Sautter, in his application for the issuance to him of the benefit certificate now sued upon, expressly agreed to conform in all respects to the laws, rules and usages of the order then in force, or which might be thereafter adopted by it; that the benefit certificate was issued to Sautter upon the following condition set forth therein and accepted by him, namely, that he should comply in the future with the laws, rules and regulations then governing the said conclave and fund, or that might thereafter be enacted by the defendant for the government of such conclave and fund; that the defendant, at its regular session held June 9th, 1903, adopted the following rule: "No benefit shall be paid to the beneficiary, or beneficiaries, of any member committing suicide (sane or insane);" that Sautter, on or about the 27th day of March, 1904, committed suicide, while sane or insane, by deliberately taking carbolic acid with the purpose and intent of taking his own life, and that by reason of the above stipulation in the application for insurance, and in the benefit certificate itself, the rule adopted by the defendant June 9th, 1903, was binding upon Sautter, and vitiated the insurance.

· The plea demurred to sets forth no facts which constitute a bar to this action. It does not aver any violation by the insured of any law, rule or regulation of the association enacted by it for its government or for the government of its funds; but, by way of argument, asserts that he, by entering into the stipulation which it recites agreed that the association might, at will, so change the contract of insurance as to relieve it, to a material extent, from the liability created thereby. We think such a construction of the stipulation is not warranted by its language. To say that it confers upon the association the power to so alter the contract of insurance by an after-adopted by-law as to destroy the right of the beneficiary to be paid the amount called for by the certificate,

in case the insured shall die by his own hand, is equivalent to saying that it authorized the association to limit its liability to such an extent as it chose; for instance, by providing that no benefit shall be paid in case the death of the insured shall result from an accident occurring through his own negligence, or from a disease which is epidemic in its character, or from any other cause or causes which it may designate. An agreement by a person applying for membership in one of these fraternal organizations, and for insurance therein, that he will comply with such rules and regulations as the association may thereafter enact for its own government, or the government of its death fund, cannot be construed into a stipulation conferring any such power as has been suggested without disregarding the plain meaning of the words of the agreement.

In the case of *O'Neill* v. *Supreme Council American Legion of Honor,* 41 *Vroom* 410, this court declared that such a stipulation on the part of a member was to be construed as referring only to reasonable by-laws and regulations adopted in furtherance of the contract, not to such as would overthrow it or materially alter its terms, and the authorities cited in the opinion amply support the declaration. So construed, the stipulation of the insured in the present case conferred upon the defendant association no authority to alter the benefit certificate issued to Sautter by inserting in it a provision that no benefit should be paid upon it in case the insured should commit suicide, and its attempt to make such alteration was nugatory.

The plaintiff is entitled to judgment on the demurrer.