MARGARET SAUTTER, DEFENDANT IN ERROR, v. SU-
PREME CONCLAVE, IMPROVED ORDER OF HEPTA-
SOPHS, PLAINTIFF IN ERROR.

Submitted July 6, 1908—Decided November 16, 1908.

Where the application for membership in a beneficial order contained
an agreement on the part of the applicant to conform in all
respects to the laws, rules and usages of the order then in force,
or which might be thereafter adopted, and the benefit certificate
issued upon said application set forth that the statements in the
application made were made a part of the contract, and upon
condition that the member should comply in the future with the
laws, rules and regulations then governing the order or that
might thereafter be enacted—*Held,* that a by-law passed after
the issuance of the benefit certificate impairing or avoiding the
contract evidenced by it would be construed as effecting contracts
entered into after its adoption, and *held* further, that such by-law
would not be applicable to a contract entered into before its
adoption, because not being in furtherance of such contract, but
destructive of it.

———

On error to the Supreme Court.

For the plaintiff in error, *W. Holt Apgar,* with whom was
*Olin Bryan* (of the Maryland bar).

For the defendant in error, *Joseph A. Beecher.*

The opinion of the court was delivered by

VOORHEES, J. The judgment removed by this writ of
error was entered in the Supreme Court after demurrer to a
special plea had been sustained by that court. (See opinion,
*Sautter* v. *Supreme Conclave,* 43 *Vroom* 325.)

The action is founded upon a benefit certificate of the de-
fendant association issued to the plaintiff's husband, August
Sautter.

The declaration sets out that on the 10th day of January,
1899, the certificate in question was issued to the said August
Sautter, whereby, the conditions thereof being complied with,

the defendant promised to pay out of its benefit fund to Margaret Sautter, the wife of the assured, within sixty days from the receipt of satisfactory proof of the death of August, the sum of $1,000, in accordance with and under the provisions of the laws governing said fund; that said August died on the 27th of March, 1904, and that the benefit fund of the defendant was and is sufficient to pay the amount of the certificate alleging a general compliance with all the rules of the association by the assured.

By the copy of the certificate annexed to the declaration and referred to, it appears that one of the conditions under which the issue was made is "that the member complies in the future with the laws, rules and regulations now governing said conclave and fund, or that may hereafter be enacted by the supreme conclave and govern said conclave and fund."

The special plea interposed set forth that the assured in his application for membership agreed "to conform in all other respects to the laws, rules and usages of the order now in force, or which may be hereafter adopted by the same," and also recited the foregoing condition excerpted from the certificate, and, further, that on the 9th to the 12th of June, 1903, about one year before the death of the assured, the supreme conclave, in regular session, adopted an order or by-law, viz.: "Section 257. No benefits shall be paid to the beneficiary of any member committing suicide, sane or insane," and then alleged that said August, on the 27th of March, 1904, did commit suicide while sane or insane, and that by reason thereof the contract was voided and vitiated.

On demurrer to this plea, on the ground that it did not set out a bar to the plaintiff's right to recover, that the by-law adopted was not retroactive and never became a part of the contract, and that the contract was not impaired by the adoption thereof subsequent to the execution and delivery of the certificate; that it was not in furtherance of the contract between the defendant, and that it was unreasonable and illegal, the Supreme Court entered judgment that the plaintiff recover.

It seems to be settled by the weight of authority that where

there is an agreement in the application for membership in a fraternal, beneficial society, that the member shall be bound by by-laws and rules thereafter to be adopted, such member is bound by any reasonable amendment of the by-laws made after he has become a member; but it is also quite as well settled that the right of amendment must be exercised so as not to interfere with vested rights. Amendments impairing such vested rights are invalid. The difficulty is in applying the facts.

The opinion of the court below proceeds on the ground that the by-law in question alters the contract of insurance and is equivalent to authorizing an association to limit its liability to such extent as it choses.

The record in this case shows an unconditional promise to pay the benefits to the decedent's wife within sixty days from receipt of proofs of death. In the condition upon which the certificate was issued obliging the member in the future to comply with the laws, rules and regulations then governing the conclave, or that might thereafter be enacted, nothing is said regarding the power to alter the contract, nor is that subject referred to. The laws, rules and regulations should not be referred to the alteration of a contract securing vested rights when they may be referred to the innumerable subjects requiring laws, rules and regulations in a beneficial order of this sort.

The certificate was a contract of a definite character and conferred a vested right upon the beneficiary and upon the member a property right.

It has been held in *O'Neill v. Supreme Council,* 41 *Vroom* 410, 417, that even the power of appointment incidental to the *status* of membership in a fraternal association is a valuable property right, for the deprivation of which an action may be maintained, and cites *Bac. Ben. Soc.,* § 237, to the effect that "the member of the society as such under his contract has no interest nor property in this benefit, but simply the power to appoint someone to receive it. The case must not, however, be understood to hold that the member of a benefit society has not a property right in the contract of member-

ship under which he has the power to designate a recipient of the benefit to be paid because of such membership and under the contract. The right of the member in the contract is a valuable one, which the courts will at all times recognize and protect. Although, strictly speaking, such member has no property interest in the benefit paid or subject of the power. The membership, which includes the right to pay the agreed consideration and to appoint a person to take the benefit, must be regarded as a species of property, and is to be distinguished from the benefit or sum to be paid itself, in which the member has no property." *A fortiori* will the courts protect the contract right of the beneficiary under the benefit certificate.

The above amendment to the by-laws enacted after the contract of membership and insurance had been concluded, is proffered as a defence to this suit by the defendant. The plaintiff urges that a retroactive effect should not be given to it, but on the contrary it should be construed prospectively and thus be made inapplicable to the benefit certificate in controversy.

In New Jersey there is no implied provision to be read into a contract of insurance that it will become void if the insured procure his own death. The law is to the contrary, for it is settled by this court that suicide is not a defence against a policy of insurance unless such policy so provides in express terms or be procured with the intent to commit suicide. *Campbell* v. *Supreme Conclave*, 37 *Vroom* 274.

In *Annan* v. *Hill Union Brewery Co.*, 14 *Dick. Ch. Rep.* 414, 418, Vice Chancellor Stevens, in speaking of a case where the by-laws provided that they might be amended, changed, altered or repealed at any time by consent of a majority of the board of directors, said that "it is one thing for a member to agree generally that the by-laws may be changed by his agents, and quite another for him to agree that the by-laws so changed shall *ipso facto* become part of his already completed contract. The court leans against giving by-laws a retrospective effect. Otherwise the contract would be anything the directors might from time to time choose to make it. The meeting of minds,

so necessary to the conception of a contract, would be purely notional."

In *Roxbury Lodge* v. *Hocking,* 31 *Vroom* 443, in construing a by-law reading "every brother who has been a member for six months shall, in case of being rendered incapable by sickness or disability, be entitled to receive the reduced allowance therein specified," the court held that this referred to future disability, to members who became disabled after its passage, the leaning of the courts being against the retrospective interpretation unless they are so strong and imperative that no other meaning can be attributed to them. See *Ball* v. *Board of Trustees,* 42 *Id.* 64.

Upon the issue of this certificate a contractual and vested right accrued to the member and to the beneficiary for the payment of the sum mentioned in the certificate upon the death of the member, whether he died by his own hand or not. Consequently, a by-law which ingrafts conditions not appearing in its original contract upon such contract, is an alteration and abridgment of those vested rights which would render the by-law, as applied to the certificate, unreasonable and uninforceable. It is reasonable to refer the alteration made by it, to those duties owing from members as such to the local conclave and as governing the payment of assessments to the benefit fund and like matters which, from time to time, arise in lodges, and also to contracts arising in the future; and not in any way so as to defeat or impair contracts, at the time of its adoption, already completed by making it retrospective.

But there is a further reason why this should be the construction. A contrary rule would tend to defeat, not to further, the subsistence of the contract between the defendant and the member. *O'Neill* v. *Supreme Council,* 41 *Vroom* 410.

The above doctrine was announced by the Supreme Court in the case last cited, in a learned opinion by Mr. Justice Pitney (now Chancellor). He thus states it: "It is very generally, if not universally, held that these benefit certificates, like other contracts, confer a vested interest upon the member which may not be impaired by a subsequent amendment, even

though the power to amend be reserved in general terms. If the member's stipulation to comply with all by-laws thereafter enacted could be construed to relate to a by-law that reduced the benefit from $5,000 to $2,000, it must also relate to a by-law canceling the benefit certificate entirely, a result wholly unjust and absurd. This stipulation must be construed as referring only to reasonable by-laws and amendments adopted in furtherance of the contract, and not to such as would overthrow it or materially alter its terms."

Giving retroactive. effect to the amendment, it would work a destruction of contract rights and would not be a reasonable regulation passed in furtherance thereof.

The judgment under review is affirmed. .

*For affirmance*—THE CHANCELLOR, SWAYZE, TRENCHARD, PARKER, BERGEN, VOORHEES, MINTURN, BOGERT, VREDENBURGH, VROOM, GREEN, GRAY, DILL, J.J.   13.

*For reversal*—None.