ANTONIO LUPPINO, PLAINTIFF-RESPONDENT, v. FIRE-MEN'S INSURANCE COMPANY, DEFENDANT-APPEL-LANT.

Submitted October 12, 1934—Decided March 9, 1935.

Before Justices LLOYD and DONGES.

For the appellant, *Lum, Tamblyn & Fairlie.*

For the respondent, *Nathan A. Rubin.*

PER CURIAM.

This is an appeal from a judgment of the District Court of the Second Judicial District of Essex county. The suit was upon a policy of insurance issued by the defendant covering loss or damage by fire to furniture of the plaintiff located in premises at 172 Walnut street, Newark. The District Court judge, sitting without a jury, found for the plaintiff in the sum of $455.

The first ground argued by the appellant is that it was error to refuse to direct a verdict in its favor. The fire occurred on August 30th, 1932. The policy, in standard form, contained the usual provision that "if fire occur the insured * * * within sixty days after the fire, unless such time is extended in writing by this company, shall render a statement to this company signed and sworn to by said insured, stating * * * the cash value of each item and the amount of loss thereon, * * *."

Under date of September 2d, 1932, the defendant sent plaintiff the following letter:

"You are hereby notified that if you desire to make claim under policy numbers 7171581 and 7191195 of the Firemen's Insurance Company, the said company demands strict compliance with each of all the terms and conditions of its said policy numbers 7171581 and 7191195 including the filing of sworn statement of claim as provided.

"Your attention is hereby particularly directed to lines 67 to 95 of the printed conditions of the said policy contracts and this will be your notice that this company waives none of the provisions of the said policy and reserves all of its rights."

Proofs of loss were not filed until January 11th, 1933, and the instant suit was started on August 28th, 1933.

Chapter 340 of the laws of 1911 provides as follows:

"1. The failure of any person insured against loss or damage by fire in any insurance company doing business by or under the authority of the department of banking and insurance of this state to furnish proofs of loss shall not be or considered a waiver of any rights accruing under the policy of insurance, and shall not debar the person so holding insurance from a recovery under said policy or the collection of such sum as should properly be paid under said policy, unless after said loss sixty days' notice, in writing, that said company desires said proofs of loss be furnished the person so insured.

"2. The provisions of the foregoing section shall not be varied, altered, contradicted or affected by any agreement or contract, but shall remain in full force and effect, any and all provisions in any contract of insurance or other agreement to the contrary notwithstanding."

The contention of the appellant is that the letter above quoted was an effective notice and the failure of the plaintiff to file a proof of loss within sixty days thereafter worked a forfeiture of the policy.

Forfeitures are not favored by the courts. Contracts of insurance under which it is sought to create forfeitures will be construed most strongly against the insurer and will never

be extended beyond the strict words of the policy. *Snyder* v. *Dwelling House Insurance Co.*, 59 *N. J. L.* 544; 37 *Atl. Rep.* 1022; *Johnson* v. *Grand Lodge A. O. U. W.*, 81 *N. J. L.* 511; 79 *Atl. Rep.* 333.

The letter demanding compliance with the policy was written September 2d, 1932, and was received by plaintiff on September 10th, 1932, as witnessed by the return receipt. It did not demand proof of loss within sixty days from the date of notice, but merely referred to the policy which provided for proof within sixty days of the fire. It did not make reference to the statute nor did it demand a notice according to the terms of the statute.

We conclude that it did not give the plaintiff the notice he was entitled to under the statute and that the defendant must be held to a strict compliance with the statute in order to take advantage of the provision of the policy. It was in legal contemplation no notice at all, and was void and of no effect. Nor can it be said that the fact that the plaintiff did file a proof of loss was a waiver of any defect in the notice. It might just as well be said that the acceptance by defendant of the proof of loss was a waiver of any claim that it was filed late.

The motion to direct a verdict was, therefore, properly denied.

As to the other point, that there was no evidence to support a finding of $455 damage, it is sufficient to say that the plaintiff testified to a loss in that amount and there was no proof to contradict it.

The judgment is affirmed, with costs.