ELLEN CLARE, CATHERINE CLARE ET AL., PLAINTIFFS-APPELLEES, v. INTERNATIONAL BROTHERHOOD OF STATIONARY FIREMEN, LOCAL NO. 55, OF NEWARK, NEW JERSEY, AND VICINITY, ET AL., DEFENDANTS-APPELLANTS.

Submitted October 16, 1936—Decided December 14, 1936.

Before Justices TRENCHARD, BODINE and HEHER.

For the defendants-appellants, *William F. Nies.*

For the plaintiffs-appellees, *Bernard P. Hughes.*

BODINE, J. The plaintiffs had judgment. The defendants appeal. William Clare was a member of the International Brotherhood of Stationary Firemen, Local No. 55, of Newark. The Local is a subordinate of the International Brotherhood. The suit was by the next of kin to recover death benefits called for under the constitution of the International Brotherhood and the by-laws of the Local. Both the International and the Local were defendants.

Previous to the present action the kin, other than Catherine Clare, a daughter, had sued the International for death benefits. It is first urged that the judgment in defendant International's favor in that case is a bar to the present action. The District Court held otherwise. "The judgment or decree of a court of competent jurisdiction upon the merits concludes the parties and privies to the litigation and constitutes a bar to a new action or suit involving the same cause of action either before the same or any other tribunal." 34 *Corp. Jur.* 743.

In the present action we have all the necessary parties plaintiff before the court for the first time. The previous decision only bound the parties to the cause and their privies. *Lehigh Zinc and Iron Co.* v. *New Jersey Zinc and Iron Co.,* 55 *N. J. L.* 357; 26 *Atl. Rep.* 920. Since the next of kin are for the first time in court, the previous judgment is no bar against the International. Catherine Clare, like the other next of kin, was of full age and a necessary party to the proceeding. Though a wife under specific circumstances may be bound by a judgment at law against her husband on the ground that she was a real though not a nominal party to the proceedings (*Lyon* v. *Stanford,* 42 *N. J. Eq.* 411; 7 *Atl. Rep.* 869), no special circumstance is shown nor is any authority cited indicative that the rule has been extended so as to preclude a necessary party plaintiff from asserting for the first time her claim in a court of law. Broadly, the first cause of action was to recover death benefits, but the right in the present action rests upon the constitution of the International and the by-laws of the Local. Both defendants appear necessary parties to such an action. They were never in court to answer the plaintiffs' claim.

The deceased became a member of the Local No. 55 on December 21st, 1915, and the court properly found, as it could from the evidence adduced, that he had been a member in good standing till his death. The proofs showed that at the time of his admission the constitution of the International and the by-laws of the Local called for the payment of $500 to the heirs of a member who had been in continuous good

standing at the time of his death for a period of eight years beginning with July 1st, 1921, or any eight years thereafter.

"Upon the issue of the certificate a contractual and vested right accrued to the member and to the beneficiary for the payment of the sum mentioned in the certificate upon the death of the member * * *. Consequently, a by-law which ingrafts conditions not appearing in its original contract upon such contract, is an alteration and abridgment of those vested rights which would render the by-law, as applied to the certificate, unreasonable and unenforceable. It is reasonable to refer the alteration made by it, to those duties owing from members as such to the local conclave and as governing the payment of assessments to the benefit fund and like matters which, from time to time, arise in lodges, and also to contracts arising in the future; and not in any way so as to defeat or impair contracts, at the time of its adoption, already completed by making it retrospective." *Sautter* v. *Improved Order Heptasophs, 76 N. J. L. 767; 71 Atl. Rep. 232.*

In view of the above statement of the law it appears that the ruling of the trial court was proper. Because the Local choose to pay dues to the International, which had set up a fund for the payment of benefits, does not relieve the Local of contractual obligations found to exist.

The trial court on the proofs adduced could find that the certificate issued to deceased contained the provision calling for the payment for which there was judgment, and that this provision was not due to a printer's error. We can find nothing to indicate error in a finding that deceased was never suspended and had not signed an application for reinstatement.

The judgment is affirmed.