OCEAN CASTLE, KNIGHTS OF THE GOLDEN EAGLE, v.
WILLIAM B. SMITH.

Members of fraternal benevolent associations may lawfully agree, as part of their scheme of organization, to submit their domestic grievances in the first instance to the internal tribunals of their order; and, having so agreed, cannot, against the protest of the association, maintain a civil action against it until the condition precedent has been, in legal contemplation, complied with.

---

On *certiorari.*

Argued at November Term, 1895, before Justices GARRISON and LIPPINCOTT.

For the prosecutor, *Godfrey & Godfrey.*

For the defendant, *William M. Clevenger* and *Clarence L. Cole.*

The opinion of the court was delivered by

GARRISON, J.    William B. Smith was a member of Ocean Castle, No. 11, Knights of the Golden Eagle, in good standing and in receipt of weekly benefits on account of illness, under a beneficial provision of the castle.    The castle stopped its payments of benefits upon a mistake in its method of book-keeping.    The facts found by the Court of Common Pleas, to whom this *certiorari* was directed, establish the right of Smith to the arrears of benefits, the only question being whether he can maintain this suit in the civil courts without first having had recourse to the tribunals of the association itself.

The constitution of the Supreme Castle of the United States incorporates in the constitution of each subordinate castle the following provisions:

"Article IX.    On appeals.    1.    All appeals from the action of the grand and subordinate castles, or by the members thereof to the supreme castle, shall be received and passed upon in its capacity of a court of last resort.    Said appeals in proper form shall come up without any intervention or pre-vention of grand or subordinate castles, and when presented for certification by their official seal, the same shall be done."

" Section 2.    Before a brother, his representative, counsel or assignee can seek redress in the case of appeal to the civil courts, he or they must exhaust the laws of the order by an appeal to the castle, grand castle and supreme castle."

The appeals thus provided for are not limited to matters of discipline, as is shown by the word " assignee ;" they are in terms not meant to be finally conclusive, but are, if lawful, obligatory conditions precedent to the maintenance of a civil action.

The association is what is known as a fraternal benevolent organization, whose constitution, upon familiar principles,

becomes incorporated in all the contractual relations of the members *inter se* and with the association.   If the provision above cited from the constitution is a lawful regulation, it enters into the contract of each member as much as does the correlative duty of the castle to respond in sick benefits under prescribed conditions.   The naked question, therefore, is whether the members of these associations may lawfully agree that they will not draw their affairs into the public courts until after the tribunals erected by themselves for that purpose shall have heard the dispute in the manner designated by the associated members.

The wisdom of such a provision is not up for argument, and inasmuch as it cannot be said to be so unreasonable as to be invalid, the only question is as to the lawfulness of the regulation.   This question does not appear to have two sides.

Whatever conflict of opinion there may be as to the legality of provisions that prohibit actions at law altogether, there appears to be no reasonable ground for denying that these organizations may provide methods for hearing the controversies of their own members, and that the members may bind themselves to have recourse thereto in the first instance and before invoking the civil courts.   The cases that deny most strenuously the public policy of permitting the establishment by these associations of tribunals of conclusive decision admit that there is no valid reason why their members may not lawfully agree not to sue at law until after the method of redress provided by themselves has first been invoked. *Bauer* v. *Knights of Pythias,* 102 *Ind.* 262.

Other authorities place no limit upon the right of subscribers to waive their recourse to civil courts.   *Osceola Lodge* v. *Schmidt,* 57 *Md.* 98 ; *Black* v. *Vandyke,* 2 *Whart.* 309.

In our own state, the case of *Zeliff* v. *Knights of Pythias,* 24 *Vroom* 536, concerns cases of discipline only, but the distinction therein suggested is of force only when conclusive effect is sought to be given to the special tribunal in cases involving property rights.

We think the reasonable rule is that members of these associations may agree to submit their grievances in the first instance to an internal tribunal of their own, and that having so agreed they may be held to it and cannot, against the protest of the association, maintain a civil action against it until the condition precedent has been, in legal contemplation, complied with.

At the close of the plaintiff's case the Court of Common Pleas was requested to nonsuit the plaintiff upon the ground, among others, that he had not performed the conditions precedent provided by the laws of the defendant association. This request was refused. In our opinion it should have been granted. The judgment rendered by the Pleas should be reversed, the record remitted and a judgment of nonsuit entered.