WILLIAM B. SMITH, PLAINTIFF IN ERROR, v. OCEAN CASTLE, No. 11, KNIGHTS OF THE GOLDEN EAGLE OF NEW JERSEY, DEFENDANT IN ERROR.

1. The constitution of a benevolent society having provided that members and their assignees should not seek redress against the conduct of subordinate branches of the society, by appeal to the civil courts, until they had exhausted the laws of the order by appeal to the superior authorities of the society, a failure to comply with that provision will bar an action in the civil courts.

2. On reversing a judgment given under the Justice's Court act, the Supreme Court may award costs to either party.

3. If the Supreme Court reverses a judgment brought before it by *certiorari*, and also decides what final judgment should be rendered in the

cause, that court ought itself to enter the judgment upon the record and award execution thereon, without remitting the record to the inferior court whence it came.

On error to the Supreme Court.   For opinion of the Supreme Court, see 29 *Vroom* 545.

For the plaintiff in error, *Clarence L. Cole.*

For the defendant in error, *August Stephany.*

The opinion of the court was delivered by

DIXON, J.   A judgment of the Court of Common Pleas of Atlantic county, on appeal from a Justice's Court, rendered in favor of the original plaintiff, was removed by *certiorari* into the Supreme Court, and there it was adjudged that the judgment of the Common Pleas should be reversed, with costs, that the record should be remitted and a judgment of nonsuit entered.   The propriety of this adjudication is now before us for review on writ of error.

The plaintiff first contends that a judgment of affirmance should have been rendered.   On this point, we agree with the views expressed in the Supreme Court, holding that, before seeking redress in the courts of the state, the plaintiff was bound, by the constitution of the order to which he belonged, to carry his complaints against the "Castle" to the higher authorities of the society.   A nonsuit was, therefore, properly directed.

The plaintiff further contends that it was unlawful to award costs on reversal of the judgment of the Common. Pleas. This contention rests on the ninety-ninth section of the Justice's Court act (*Gen. Stat., p.* 1883), providing that if a judgment given by virtue of that act be reversed on *certiorari*, the plaintiff in *certiorari* shall not be entitled to any costs.   But by a subsequent act relative to the writ of *certiorari*, approved April 6th, 1871 (*Gen. Stat., p.* 368, § 8), it was enacted that the court in any *certiorari* may, in its discre-

tion, give judgment for costs for either party.   It is urged that this law is not applicable to cases within the Justice's Court act, but we think the words are too clear and too comprehensive to admit of such a limitation, especially as no dictate of justice is contravened.   The Supreme Court, therefore, had the power to award costs, and plainly the case was a proper one for its exercise, since the determination of the court not only reversed the judgment of the Common Pleas, but finally decided the cause in favor of the defendant.   *Lehigh Valley Railroad Co.* v. *McFarland*, 15 *Vroom* 674.

So much of the rule entered in the Supreme Court as directed that the record be remitted to the Common Pleas, should be annulled.   In obedience to the writ of *certiorari*, the record of the cause was removed to the Supreme Court.  *Hinchman* v. *Cook*, Spen. 271 ; *Welsh* v. *Brown*, 13 *Vroom* 323.   That court, having determined what final judgment should be rendered, ought itself to have ordered such judgment to be entered upon the record.   2 *Saund.* 101 *w*, note *z ;*  *Hoxsey* v. *City of Paterson*, 10 *Vroom* 489.   Being competent to execute the judgment, the Supreme Court should also award execution thereon.   *Tidd Prac.* 1137 ; 2 *Saund.* 101 *z ;*  *Anonymous, Penn.* *753 ; note to *Gardner* v. *State*, 1 *Zab.* 561 ; *Welsh* v. *Brown, ubi suprà.*   This slip being harmless, it should not prevent the allowance of costs in this court to the defendant in error.

With the exception mentioned, the judgment of the Supreme Court is affirmed, with costs.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, DEPUE, DIXON, GUMMERE, LUDLOW, MAGIE, VAN SYCKEL, BARKALOW, BOGERT, DAYTON, HENDRICKSON, NIXON.   13.

*For reversal*—None.