JOSEPH A. VAN MARTER, DEFENDANT IN CERTIORARI, v. FIELDING G. LUCAS, PROSECUTOR IN CERTIORARI.

Submitted July 14, 1899—Decided November 13, 1899.

If a person who serves upon a constable a claim of property under the fifty-ninth section of the Justice's Court act does not, within ten days after the service, apply to a justice for the trial of his right according to that section, or institute against the officer an action of tort or replevin for the property, and thereupon the constable proceeds to sell the property in reliance on the implied abandonment of the claim, the claimant is estopped from holding the constable responsible in tort.

---

On *certiorari* to Middlesex Common Pleas.

Before Justices DIXON and COLLINS.

For the prosecutor, *Freeman Woodbridge.*

For the defendant, *Alan H. & Theodore Strong.*

The opinion of the court was delivered by

DIXON, J. The defendant below, a constable of Middlesex county, had possession of and was about to sell two cows

by virtue of an execution issued out of a Court for the Trial of Small Causes against Joseph M. Duclos. Thereupon, on March 2d, 1898, the plaintiff below served upon him a written notice that he claimed the cows. On receiving this notice the constable delayed the sale for the space of ten days, but the plaintiff not having within that time applied to a justice of the peace for the trial of his right or taken any other step in the prosecution of his claim, the constable, on March 19th, 1898, sold the cows under the execution. On April 6th, 1898, the plaintiff sued the constable for the alleged tort, and at the trial of the case on appeal in the Middlesex Common Pleas recovered a judgment for the value of the cows. The question now presented is whether that recovery was lawful.

The notice served by the plaintiff was in exact accordance with the fifty-ninth section of the Justice's Court act (*Gen. Stat.*, p. 1864), and appears to have been intended by the plaintiff, as it was understood by the constable, to be a claim under that section. It must be deemed such. That section enacts that on such a claim the constable shall delay sale for ten days, in order that within said term the claimant may apply to a justice of the peace to have his right tried, and that if the claimant shall not within the ten days so apply " the said claim shall be considered abandoned and the constable shall proceed as if it had not been made."

In view of this provision, we think the plaintiff is not at liberty to treat the act of the officer as a tort for which he can be made answerable. Under the statute, the matter stands as if the plaintiff had served his claim on the constable, with a request that he would delay ten days, so that the claim might be legally tried, and had thereby obtained such delay, and at the end of the ten days had notified the officer that the claim was abandoned and he might proceed with the execution of his writ. If these facts had actually occurred, the plaintiff would certainly have been estopped from holding the constable responsible for a tort, and the statute in effect declares that what the plaintiff did and omitted

to do shall be equivalent to those facts. We do not say that every claim of property served on a constable who is executing a writ must be considered a claim under the statute, for the terms of the claim, or some other circumstance, may negative such an inference. Nor do we now hold that the service of a claim under the statute necessarily confines the claimant to the procedure which the statute authorizes, for, perhaps, if within the ten days he should institute against the officer an action of tort or replevin the main purpose of· the law would be effectuated. But we do hold that, if within ten days after service of the statutory claim, the claimant takes no action in vindication of his right and the officer proceeds to sell in reliance on the implied abandonment of the claim, he is exonerated from responsibility in tort to the claimant.

On the agreed statement of facts filed in the Common Pleas and sent up to this court the judgment for the plaintiff should be reversed and a judgment entered for the defendant, with costs. *Smith* v. *Ocean Castle*, 30 *Vroom* 198.