C. B. SMITH AND COMPANY v. CHARLES HOLSHAUER,
PROSECUTOR.

Argued February 18, 1902—Decided June 9, 1902.

1.  The ninety-fourth section of "An act concerning districts courts"
    [Revision of 1898] (*Pamph. L., p.* 556), allowing the prosecutor
    costs on reversal of the judgment below, has application only to
    writs of *certiorari* in cases where the District Court has no juris-
    diction.   In cases where the eighty-ninth section, as amended by
    the sixth section of the act of 1899 (*Pamph. L., p.* 552), provided
    for an appeal to the Circuit Court, a *certiorari* is not authorized
    by the act.
2.  This result is not altered by the decision in *Green* v. *Heritage,*
    35 *Vroom* 567, declaring unconstitutional the provisions of the act
    relating to appeals to the Circuit Court.   Writs of *certiorari* to
    bring up causes formerly subject to such appeal are now issued out
    of the Supreme Court, not by virtue of the District Court act,
    but by virtue of its appellate jurisdiction at common law and its
    right thereunder to exercise supervision over the proceedings of
    inferior courts.
3.  In the latter cases, the question of costs is regulated by section 8
    of the *Certiorari* act (*Gen. Stat., p.* 368), which empowers the
    court on the hearing, in its discretion, to give judgment for costs
    in favor of either party.

On motion to vacate judgment for costs in *certiorari.*

Before Justices FORT, HENDRICKSON and PITNEY.

For the motion, *Chauncey G. Parker.*

*Contra, Frank E. Bradner.*

The opinion of the court was delivered by

HENDRICKSON, J.   This motion arises upon the question of
costs upon a reversal of a judgment of the First District Court
of the city of Newark brought up by *certiorari.*

This court, at its November Term, 1901, after a hearing,
reversed the judgment below for error in the judge's charge

to the jury. The judgment therefore was not final in its nature, but remanded the record so that a new trial might be had. The opinion, which may be found in 38 *Vroom* 202, is silent as to costs. The prosecutor, relying on section 94 of "An act concerning district courts" [Revision of 1898] (*Pamph. L., p.* 556), entered his judgment for reversal, with costs, including expenses of printing, amounting in all to about $150, without further order of the court thereon. The expense of the printing of the proceedings and evidence at the trial, as taken down by the stenographer, constitutes a large item in the taxed bill of costs. Whether it was brought up in response to an order of the court so as to become properly a part of the state of the case, for which the expense of printing became properly taxable as part of the costs under the eighty-third rule of the court (*Printed Rules* 1900, *p.* 32), is a question not raised upon the argument, and we have not looked into it.

In support of the motion the chief contention is that the allowance of costs to the prosecutor on reversal, under the ninety-fourth section of the District Court act before referred to, is confined to cases where the question brought up by *certiorari* was one as to the jurisdiction of the District Court. If such is the correct view, the case in hand not being of that character, this motion must prevail.

The District Court act of 1877 (*Gen. Stat., p.* 1214, § 90) expressly denied costs to plaintiff in *certiorari* on reversal. The case of *Seabury* v. *Bolles,* 23 *Vroom* 413, in the Court of Errors, is an adjudication in support of that statute. But since this statute was expressly repealed by chapter 229 of the laws of 1898 (*Pamph. L., p.* 638, ¶ 4), the only statute prior to the one now in controversy bearing upon this subject is the *Certiorari* act of 1874 (*Gen. Stat., p.* 368), section 8 of which empowers this court, on the hearing of any *certiorari,* in its discretion, to give judgment for costs in favor of either party. That this section would, in the absence of other legislation to the contrary, apply to a *certiorari* bringing up a judgment of the District Court is made quite plain by a construction put

upon it by the Court of Errors in *Smith* v. *Ocean Castle,* 30 *Vroom* 198.

Recurring to the question now before us, we think the *certiorari* issued in the present case brings up a judgment where the District Court admittedly had jurisdiction, and therefore was not issued by virtue of section 89 of the act of 1898, as amended, which was necessary, under the terms of section 94 of the act, in order for the prosecutor to avail himself of the terms of that act granting costs in this court in case of reversal. The prosecutor contends that since the provisions of this act relating to appeals to the Circuit Court have been held to be unconstitutional in *Green* v. *Heritage,* 35 *Vroom* 567, and thereby practically eliminated from the act, the purview of section 94, in legislative contemplation, is broadened so as to embrace within it authority to issue writs of *certiorari* in cases other than such as are not within the jurisdiction of the District Court. But a reference to the opinion in *Green* v. *Heritage, supra,* will show that the prosecutor's writ issued not by virtue of the statute in question, but by virtue of the appellate and extraordinary jurisdiction of the Supreme Court, derived from the common law, to supervise the proceedings of inferior courts.

In seeking the legislative intent, as expressed in section 89 as amended, we are not permitted to disregard the part of the act thus declared to be unconstitutional, but must construe the whole of the act together.

Upon another principle, the construction contended for by the prosecutor should not be adopted. To do so would be to create a liability which did not exist at common law nor by statutory provision. And statutes when of this character are to be construed strictly. 23 *Am. & Eng. Encycl. L.* 401, and cases cited.

Our conclusion is that the prosecutor was not entitled to costs under the District Court act of 1898. And under section 8 of the *Certiorari* act, *supra,* the allowing of costs was in the discretion of the court. This judgment for costs was entered without the authority of the court. We think the case

is one where the court, in the exercise of its discretion, might properly refuse to allow costs. It is not a final judgment. It is only reversed in order that a new trial may be had. Under such circumstances the judicial policy of our courts has been to reverse without costs. *Lehigh Valley Railroad Co.* v. *McFarland,* 15 *Vroom* 674. The motion to set aside the judgment for costs is allowed. The rule is made absolute, but without costs.