## NEW JERSEY SOCIETY FOR THE PREVENTION OF CRUELTY TO ANIMALS v. CHARLES ATKINSON.

Submitted March 20, 1908—Decided June 8, 1908.

1. In a prosecution for a penalty under section 13 of the act for the prevention of cruelty to animals (*Gen. Stat., p. 36*) before a justice of the peace, the defendant is entitled to a trial by jury, but when the justice refuses to issue a *venire* and the defendant appeals to the Common Pleas and has there a trial by jury, he cannot afterwards, upon *certiorari* to the Common Pleas, complain of the error of the justice.

2. In a proceeding under section 13 of the act for the prevention of cruelty to animals, after a verdict of guilty, it is the duty of the court to fix and determine the amount which the defendant shall forfeit and pay, but where the court in form assesses the damages of the plaintiff, the error is purely formal and may be corrected.

---

On *certiorari* to Ocean Pleas.

Before Justices GARRISON, SWAYZE and TRENCHARD.

For the prosecutor, *William Hyres.*

For the society, *Halsted H. Wainright.*

The opinion of the court was delivered by

SWAYZE, J.   The prosecutor was convicted of a violation of section 13 of the act for the prevention of cruelty to animals (*Gen. Stat., p. 36, pl. 29*), before a justice of the peace. He

appealed to the Common Pleas, and the case was there tried *de novo* before a jury, who found him guilty. The court thereupon ordered that judgment final be entered, and, to adopt the language of the rule for judgment, "assessed the damages at the sum of twenty-five dollars."

The prosecutor now complains that he was denied a trial by jury in the justice's court, and that there was no legal conviction by the Common Pleas.

The proceeding is one governed by the practice of the small cause court. The penalty is to be recovered by action of debt, and section 14 (*Gen. Stat., pp.* 39, 40) expressly enacts that judgment shall be rendered for the penalty in like manner as in actions for the recovery of money or damages in the court for the trial of small causes, and that all proceedings shall conform to the course and practice of the court before which the same shall be instituted. *Pennsylvania Railroad Co.* v. *Society,* 10 *Vroom* 400. Such an action, where imprisonment is not authorized, is a civil action (*Brophy* v. *Perth Amboy,* 15 *Id.* 217; *Unger* v. *Fanwood,* 40 *Id.* 548), and subject to the provisions of the act relating to courts for the trial of small causes. *White* v. *Neptune City,* 27 *Id.* 222. By virtue of these provisions the defendant was entitled to a trial by jury, and upon its refusal the justice lost jurisdiction. *Mackenzie* v. *Gilbert,* 40 *Id.* 184. The defendant had the option to review this action either by *certiorari* or by appeal. *Ritter* v. *Kunkle,* 10 *Id.* 259. He elected to appeal and have a trial *de novo.* He thereby lost his right to review the error of the justice. *Robins* v. *Martin,* 15 *Id.* 368; *Barclay* v. *Brabston,* 20 *Id.* 629; *Furman* v. *Motley,* 38 *Id.* 174. The first objection urged to the judgment is therefore without merit.

By the statute (section 14) the affidavit of a violation is declared to be a sufficient demand or pleading. In the present case the affidavit charges in the language of section 13 of the act that the defendant needlessly mutilated and killed a dog. The verdict of guilty was a proper verdict. It thereupon, by the provisions of the statute, became the duty of the court to determine the amount of the penalty which is not to exceed $100, and render judgment for the same, with costs. The

court in fact did so and fixed the amount at $25, but in form assessed damages at that sum. This is a mere formal error, and may be corrected. Judgment should be entered in this court for $25, which the court below, pursuant to the statute, has fixed and determined as the amount which the defendant shall forfeit and pay. *Smith* v. *Ocean Castle*, 30 *Vroom* 198, 200. The plaintiff is entitled to costs in this court as well as in the courts below.