LINCOLN COUNCIL, NO. 1, OF THE JUNIOR ORDER OF UNITED AMERICAN MECHANICS, OF CAMDEN, NEW JERSEY, PROSECUTOR, v. THE STATE COUNCIL OF THE JUNIOR ORDER OF UNITED AMERICAN MECHANICS OF THE STATE OF NEW JERSEY.

Argued February 17, 1909—Decided June 24, 1909.

1. A local council of the Junior Order of United American Mechanics decided that one of its members was not entitled to sick benefits. The member took an appeal from this decision to the state council, which body reversed the decision and directed the local council to pay the sick benefits. The local council refused to obey, and the state council proceeded to revoke the charter of the disobedient council for its insubordination.

2. The constitution of the order provides that no council or member of a council shall be permitted to apply to the courts of the state for redress until they have first exhausted all the resources of the order.

3. On *certiorari* to set aside the decision of the state council thus made—*held*, that whether or not the decisions of the state council were final, still an appeal to the state council was a necessary condition precedent to the taking of a proceeding in a court of law or equity, and so the state council had the power to decide; and appeals having been taken and decided regularly in accordance with the rules of the order, they will not be vacated by this court in a direct attack upon them.

On *certiorari.*

Before Justices REED, TRENCHARD and MINTURN.

For the prosecutor, *George M. Bacon* and *Carrow & Kraft.*

For the defendant, *Fergus A. Dennis* and *Alan H. Strong.*

The opinion of the court was delivered by

REED, J. The facts essential to the decision of the questions raised in this case are succinctly stated in the brief of counsel for the prosecutor, as follows: Lincoln council was organized on January 16th, 1866, and received its charter

from the state council of Pennsylvania. In 1871 the Lincoln council affiliated with the state council of New Jersey, since which time it has of its own volition co-operated with the state council of this state.

On April 28th, 1903, one Charles W. Aspden became a member of Lincoln council, and shortly after became ill. Lincoln council paid him benefits for some time, and then ceased to do so, claiming that he was no longer entitled to receive benefits. Aspden appealed from this action of Lincoln council refusing to pay further benefits, to the state council of New Jersey, and that body declared that he was entitled to receive benefits, and ordered Lincoln council to pay them.

Lincoln council declined to do so, maintaining that Mr. Aspden had not complied with the rules of the order, and insisting that he must prove his right to benefits by suit in the civil courts of this state. Aspden refused to bring suit, but instead preferred charges against Lincoln council for insubordination, which charges were heard and resulted in the revocation of the charter of Lincoln council by the state council.

A number of reasons are filed assigning error in the proceedings of the state council.

In the brief, however, of the prosecutor, the single point argued is that the decision made by the state council that Lincoln council should pay benefits to Aspden, was *ultra vires*. The argument is that no contract could be entered into between the two councils, by which judicial powers could be conferred upon the state council to adjudge a forfeiture of property rights, or to deprive subordinate councils or their members of their property, or to take away property from one set of members and give it to another. The argument in respect to this particular case is that the order to pay money out of the trust fund to Aspden was in derogation of the rights of the other members to the fund, and that if this order was a nullity, there was no order, the disobedience of which constituted an act of insubordination, for which a decree revoking the charter of the prosecutors could be made.

It is not claimed that the appeal taken by Mr. Aspden was not regularly taken and heard by the state council.

The constitution of the order provides that no council or member of a council shall be permitted to apply to the courts of the state for any redress, until they have first exhausted all the resources of the order.

In the case of *Ocean Castle* v. *Smith,* 29 *Vroom* 545; *affirmed on error,* 30 *Id.* 198, a writ of *certiorari* brought up an act of the castle in stopping the payment of benefits to the prosecutor of that writ. The constitution of that order provided for an appeal to the supreme castle from the action of the grand and subordinate castle, by the members thereof. There was also a provision that there must be an appeal before a brother could seek redress at law. It was held that the *certiorari* in that case must be dismissed on the ground that the prosecutor should have first taken his appeal to the grand castle. It was not suggested in that decision that the question of payment of benefits was not within the power of the appellate tribunal to hear. It was decided that whether the order made by the subordinate body was one which affected property, or was merely one affecting discipline, in either instance the provision for an appellate tribunal in the order itself, and the further provision that there should be no resort to the civil courts until the right of appeal to such tribunal had been exhausted, made it essential that before resorting to the civil courts a decision of the courts provided by the order should be had. It must follow that a decision by the state council, whether it has the quality of finality or is only a step to be taken before a resort to a court of law or equity, is regular.

In either case the decision cannot be said to be the subject of attack upon the ground that it was made without authority. It cannot be said that an appeal must be taken before a resort to a legal proceeding, and at the same time be said that a decision upon that appeal will be vacated by a court of law because of the absence of power in the parties who take the appeal, and of power in the court provided by the order to decide the appeal.

The question whether in an independent legal proceeding to test the rights of the state council, or Lincoln council, or of Aspden, the order made by the state council can be set up as a final determination of the matter, is aside from the present question, which is whether the decision made by the state council can be vacated on a direct legal attack, upon the ground that it was made without any authority.

Again, it may be observed, that so far as the order revoking the charter of Lincoln council is involved, it being the exertion of a right to sever the relations between the state council and a local council, which ignores the authority of a state council, such order would seem to be one concerning discipline merely. At the time the order was made, Lincoln council was in an attitude of disobedience to a decision regularly made by the superior body, and was thus unquestionably in an attitude of insubordination. There appearing to be no irregularity in the decisions of the state council, and no exercise of an excess of power, we think that this court is not warranted in taking cognizance of these proceedings upon this writ of *certiorari*. The writ should be dismissed.