JOHN J. McMAHON, PETITIONER, v. THE DISPATCH PRINTING COMPANY ET AL., DEFENDANTS.

Argued March 4, 1925—Decided June 9, 1925.

1. Before a writ of *mandamus* will issue to permit a stockholder to inspect the books of a corporation, it must appear that the application is sought in good faith and for a specific purpose, and such purpose must be shown by the proofs in the cause.

2. Where, on the application of a stockholder for a *mandamus* to permit him to inspect the books of a corporation, the testimony shows that the purpose of the applicant was to obtain information which he hoped would injure the political fortunes of the president of the corporation in his re-appointment to a state office, and such information, if procured, would injure the credit of the company, such application is not made in good faith, and will be refused by the court in the exercise of its judicial discretion.

---

On rule to show cause for the issuance of peremptory writ of *mandamus*.

Before Justices KALISCH, BLACK and CAMPBELL.

For the petitioner, *Peter Bentley* (*Merritt Lane*, of counsel).

For the defendants, *Warren & Stanton* (*John Warren*, of counsel).

The opinion of the court was delivered by

KALISCH, J.   The petitioner's ownership of thirty shares of preferred stock of the Dispatch Printing Company, and that he has owned the same since 1919 and received regularly his dividends; that he applied for an inspection of the books of the company to the proper person in charge of the same, and that his application was refused, are facts about which there is no dispute.

The legal rules governing applications of the kind in hand are so firmly settled as to preclude any controversy regarding their soundness or practical utility.   But it occasionally happens that the reasons which brought a legal rule into existence are often lost sight of because of their common origin or their universality.   It may, therefore, serve a practical purpose, before considering the testimony upon which the application for a writ of *mandamus* is based, to state the legal principles which must control such applications.

That a stockholder has the right to inspect the books of a corporation where the application is made in good faith and is germane to his rights, was declared by this court in *Feick* v. *Hill Bread Co., 91 N. J. L.* 486 (at *pp.* 488, 489) ; affirmed by Court of Errors and Appeals, 92 *Id.* 513.   It is to be observed that this right is qualified by the condition that it must be exercised in good faith.

*In re De Vengoechea, 86 N. J. L.* 35, it was declared that the power to order an inspection of the books of a corporation is so great, and may have such ruinous consequences that it will be ordered only when the court is satisfied that it will result in benefit to the stockholders, and that an inspection will not be granted when the court is satisfied that the application is not made in good faith, or with ulterior motives on the part of the applicant.   Of course, the well-settled doctrine that the motives which prompt a suitor to enforce a legal right cannot properly preclude its enforcement, is not affected by a declaration which refers to applications of the kind under consideration, the granting of which rests in the discretion of the court.

In *Bruning, Relator,* v. *Hoboken Printing and Publishing Co. et al.,* 67 *N. J. L.* 119, this court held that before a writ of *mandamus* will issue to inspect the books of a trading company, it must appear that the application is sought in good faith and for a specific purpose, and that such purpose must appear by the proofs.

In *O'Hara* v. *National Biscuit Co.,* 69 *N. J. L.* 198, Mr. Justice Garrison (at *p.* 200) points out, in an illuminating manner, that the language of section 33 of the Corporation act (2 *Comp. Stat., p.* 1620) does not evince any legislative purpose to dispense with the judicial discretion existing at common law in matters of this sort, incident to the enforcement of the provisions of the section.

Bearing in mind the legal principles adverted to, as controlling the applications for a writ of *mandamus* to compel an inspection of the company's books, we have, after a careful consideration of the testimony taken under the rule to show cause why such writ should not be allowed, and of the able and elaborate arguments of counsel, reached the conclusion that the rule to show cause should be discharged, which results in a denial of the petitioner's application for the writ.

The reasons which prompt this result are to be found in the testimony which discloses that the application for the writ was and is not made in good faith, and is not in the interest of the stockholders of the company; that the principal reason which led to the application for the writ was feelings of personal hostility entertained by the petitioner against Mr. Martin, the president of the company and secretary of state of the State of New Jersey, whose renomination for the office was then pending in the senate for confirmation, and whose defeat the petitioner eagerly sought. In this regard the petitioner testified that his purpose in seeking the writ of *mandamus* to inspect the records of the company was to advise the senators and the public of the State of New Jersey of the affairs of the company including its stockholders, in order to attain his object, the defeat of Mr. Martin, even though he was aware that such action would injure the credit of the com-

pany. There is an utter absence of any proof that the affairs of the company has been or is mismanaged and that its credit is suffering thereby; or that it has placed mortgages upon its real estate in excess of its value, or that it has purchased personal property, paying excessive value therefor, &c., as is stated by the petitioner upon information in his petition. The admissions made by the petitioner in his testimony, under the rule, that he has received his dividends upon the shares of stock which he owns, regularly, and that he has refused to sell his stock at its par value, and prefers to hold it in order to pursue his contemplated investigation into the affairs of the company and thus enable him to acquaint the voters of North Hudson with them, make it quite manifest that the inspection sought by the petitioner is not founded upon any real belief that the affairs of the company are not conducted upon a financially sound basis, but, on the contrary, evince a clear design, on part of the petitioner for the writ, to carry to a conclusion the rancor of a political feud existing between him and the president of the company, regardless of the disastrous consequences which his uncalled for action might have on the credit of the company and the interests of other shareholders.

The rule to show cause is discharged, and the application for the writ is denied, with costs.