GEORGE A. FRAWLEY, PLAINTIFF-APPELLEE, v. THE PENNSYLVANIA RAILROAD COMPANY, A CORPORATION, DEFENDANT-APPELLANT.

Submitted January 25, 1936—Decided July 9, 1936.

Before BROGAN, CHIEF JUSTICE, and Justice DONGES.

For the plaintiff-appellee, *Frank I. Casey.*

For the defendant-appellant, *W. Holt Apgar.*

BROGAN, CHIEF JUSTICE. This is an appeal from a judgment for the plaintiff entered in the Mercer County Court of Common Pleas. The plaintiff had been a member of the relief department of the Pennsylvania Railroad, a beneficial organization, which paid compensation to its members during disability. He had been such member since October, 1918. He became incapacitated from injuries received in the performance of his duty as a freight brakeman in October, 1928, and from that time until May 31st, 1931, he received financial benefits to which his status in the relief organization entitled him. On the date last mentioned he was notified that thenceforth no further relief payments would be made to him.

The action is on contract, the plaintiff claiming that there is due and owing to him the sum total of the said payments, up to the time of suit, which were discontinued on May 31st, 1931. The notice of discontinuance of the benefits was in writing and signed by the medical examiner in accordance with section 45 of the regulations governing the relief department, which reads: "If the injury is of a permanent character [as it was in this case] benefits will cease when the member shall be declared by the medical examiner to be able to earn a livelihood suited to his capacity."

Section 65 of the said regulations provides as follows:

"All questions or controversies of whatsoever character arising in any manner, or between any parties or persons in connection with the Relief Department, or the operation thereof, whether as to the construction of language or meaning of the Regulations of the Relief Department, or as to any writing, decision, instruction or acts in connection therewith, shall be submitted to the determination of the Superintendent of the Relief Department, whose decision shall be final and conclusive thereof, subject to the right of appeal to the Advisory Committee within thirty days after notice to the parties interested, of the decision.

"When an appeal is taken to the Advisory Committee it shall be heard by said Committee without further notice at their next stated meeting, or at such future meeting or time

as they may designate, upon evidence and argument submitted in writing, and shall be determined by vote of the majority of a quorum, or of any other number not less than a quorum of the members present at such meeting, and the decision arrived at thereon by the Advisory Committee shall be final and conclusive upon all parties without exception or appeal."

The application for membership in the fund, which had been signed by the plaintiff at the time he became a member thereof, contained a covenant that he agreed to be bound by the regulations of the relief department of the company; that the application, when approved, shall constitute a contract between the applicant and the company. The express covenant is in this language, "I also agree for myself and those claiming through me to be especially bound by regulation 65, providing for final and conclusive settlement of all disputes by reference to the superintendent of the relief department and an appeal from his decision to the advisory committee."

At the termination of the whole case a motion was made for a direction of verdict in favor of the defendant on the ground that the plaintiff had not exhausted the remedies provided by regulation 65 for a review and appeal within the organization itself. The court denied this motion, stating that there was no express provision that the plaintiff was required to exhaust his remedies within the organization before appealing to a court of law. We think this was erroneous. He proceeded to charge the jury on the sole issue as to whether or not plaintiff was able to earn a livelihood on May 31st, 1931, in an employment suited to his capacity. In cases of this kind a claimant is entitled to litigate his claim in a law court if the relief to which he believes himself entitled has been denied him in the reviewing tribunals within the organization of which he is a member, or if the factual situation is such that it would be useless to invoke the aid of these agencies. This latter, however, is a fact question that should be submitted to a jury.

There was proof in this case that the plaintiff had taken his claim, after receipt of notice that benefits would be dis-

continued, to the superintendent of relief, Mr. Hunt, from whom he received neither attention nor satisfaction, and that he likewise attempted to take an appeal by consulting a member of the advisory board. Both these officers categorically denied that such effort had ever been made by the plaintiff. The court disregarded this element of the case entirely, being convinced that the contract in question was not one that required the plaintiff to exhaust his remedies within the organization itself. With this interpretation of the contract and the regulations that were a part thereof we are not in accord. It is anomolous indeed for a claimant to ask the court for a favorable judgment on his claim, in accordance with the contract, and at the same time refuse to abide by the regulations which the contract imposes upon him. *Ocean Castle, &c.,* v. *Smith,* 58 *N. J. L.* 545; 33 *Atl. Rep.* 849; affirmed, 59 *N. J. L.* 198; 35 *Atl. Rep.* 917; *Roxbury Lodge* v. *Hocking,* 60 *N. J. L.* 439 (at *p.* 441).

The judgment is reversed, and a *venire de novo* allowed.