GEORGE A. FRAWLEY, RESPONDENT, v. THE PENNSYL-
VANIA RAILROAD COMPANY, APPELLANT.

Argued January 19, 1938—Decided May 9, 1938.

Before BROGAN, CHIEF JUSTICE, and Justices TRENCHARD and PARKER.

For the appellant, *John A. Hartpence.*

For the respondent, *Frank I. Casey.*

PER CURIAM.

This is the second appeal in the present case, after a second trial.

The opinion of this court on the first appeal will be found in 14 *N. J. Mis. R.* 492, and the general facts of the case are fully stated in that opinion and need not be here repeated.

It will be observed that at the first trial the court denied a motion for direction of verdict for the defendant, which motion was based on the ground that the plaintiff had not exhausted the remedies for review and appeal within the organization of which he was a member. There was evidence that he had attempted in good faith to secure such a review but that a hearing had been denied him. Quoting from the opinion: "There was proof in this case that the plaintiff had taken his claim, after receipt of notice that benefits would be discontinued, to the superintendent of relief, Mr. Hunt, from whom he received neither attention nor satisfaction, and that he likewise attempted to take an appeal by consulting a member of the advisory board. Both these officers categorically denied that such effort had ever been made by the plaintiff." The opinion goes on to say that the trial court disregarded this element of the case by taking the ground that the contract was not one which required the plaintiff to exhaust his remedies within the organization; and the reversal was put upon the ground that this was error.

The evidence for the plaintiff at the second trial seems to have been substantially the same as at the first; but the defendant submitted no proof whatever. There was a motion to nonsuit, which was denied, and then the plaintiff rested, and it was moved to direct a verdict for the defendant, which was also denied. Several grounds for these motions were urged on the trial, but the argument now proceeds principally, if not solely, on the theory that the uncontradicted evidence for the plaintiff did not show a submission of the

controversy touching his right to relief to the superintendent of the relief department, or an appeal to the advisory committee, if that were involved, or even a *bona fide* attempt to bring the matter up according to the regulations, which attempt was frustrated by the action of agents for the defendant.

The former opinion of this court in the present case seems to indicate our view that the essential error calling for a reversal at that time was the refusal of the trial court to submit to the jury the question whether the plaintiff had in good faith attempted to obtain the review called for by the rules of the order, or whether, if he had done so, he had been prevented from having that review by advance action of the defendant's agents. Such proof was presented at the former trial, at which time it was denied. The same proof was presented at the second trial and now it is not denied. In view of what was heretofore said by us in this case, it seems clear that the motions to nonsuit and to direct at the second trial were properly overruled. It may be as well to note at this point that the claim that the suit should have been against the beneficial order rather than against the railroad itself is expressly withdrawn, and therefore it is not necessary to pass upon it. This leaves for consideration only the questions relating to the charge and certain questions of evidence.

As regards the charge, the argument is confined to defendant's requests Nos. 2, 3, 4 and 6. All these appear to go to the point that the plaintiff should in some way or other have perfected an appeal to the higher authorities in the order, and not having done so was not entitled to recover. This theory of the case was practically disposed of on the former appeal, and we think needs no further special consideration at this time.

We turn finally to the questions of evidence. They are not presented in very intelligible form. Some fifteen pages of testimony are reprinted at large in the brief, which, however, does not seem to point out the specific objections and exceptions relied on. At an expenditure of time and labor necessitated by this omission, we find that error is claimed in allowing

the plaintiff to testify, first, as to the character and extent of his injuries at the time he was injured by accident in the service of the company, and secondly, in allowing his physician to testify to plaintiff's condition at a later date, when the witness examined and treated him. The objection in both instances seems to have been that his condition at either time was irrelevant, and that evidence of physical condition due to the accident should be limited to the time when he applied for the benefits to which he claimed to be entitled. The court properly ruled that the character and extent of the original injury and its physical consequences were facts bearing on and relevant to his claim of disability.

We find no harmful error properly presented, and the judgment of the Pleas is therefore affirmed, with costs.