JOHN Z. JAROSZEWSKI, PLAINTIFF-APPELLEE, v. THE PENNSYLVANIA RAILROAD COMPANY, DEFENDANT-APPELLANT.

Argued January 17, 1939—Decided April 13, 1939.

Before Justices TRENCHARD, PARKER and PERSKIE.

For the appellant, *Wall, Haight, Carey & Hartpence* (*James R. Laird, Jr.,* of counsel).

For the appellees, *Herbert L. Zeik.*

The opinion of the court was delivered by

PERSKIE, J.   By mutual concessions of counsel for the respective parties, during the oral argument of this cause, at the bar of the court, the only question we are to decide is whether, under the proofs exhibited, plaintiff should have been denied the right to recover such benefits for which he sued defendant because he failed first to exhaust the remedies provided for him by the regulations of the beneficial association of which he was a member.

The facts which give rise to this narrow question may, therefore, be stated in most general terms.   Plaintiff was and had been an employe of defendant railroad company for many years.   By virtue of weekly contributions from his wages, as such employe, he held a certificate of membership in the

voluntary relief department of the Pennsylvania Railroad. The latter is a beneficial organization which paid compensation (fifty cents a day for the first fifty-two weeks, and twenty-five cents a day for each day thereafter) to its members during disability.

On August 20th, 1934, plaintiff was injured during the course of his employment and became disabled, and on August 26th, 1934, failed to report for work. Six days later, on September 1st, 1934, he did return to his employment and on that date he was given a certificate of ability by the medical examiner of the association and awarded benefits for the six days work he had missed. Thereafter plaintiff worked only intermittently, alleged because of his injury; he was finally laid off on December 7th, 1934. Thereafter plaintiff claims that he was obliged to, and did, treat his injuries until July 10th, 1936. His efforts to obtain benefits by order of defendant's medical examiner were fruitless.

Accordingly, on August 17th, 1937, plaintiff, through his attorney, appealed to the superintendent of defendant's relief department. This appeal was in accordance with the regulations of the association. Two days later, on August 19th, 1937, plaintiff was informed, in effect, by the superintendent, that the finding of the medical department was affirmed and that his appeal was, therefore, dismissed. Under the regulations of the association he then had thirty days within which to effect an appeal from that finding to the advisory board of the association. Concededly, plaintiff made no attempt to comply with this regulation. Instead he employed counsel who, on December 9th, 1937, caused this suit to be instituted, seeking recovery at the rate of fifty cents a day from August 20th, 1934, to August 19th, 1935, totaling $182.50, and from August 20th, 1935, to July 10th, 1936, at the rate of twenty-five cents a day, totaling $81.25, or a grand total of $263.75.

Thereafter, on January 12th, 1938, counsel for the plaintiff wrote to defendant stating, in substance, that he was advised by counsel for defendant that under defendant's regulations, an appeal must be taken from the decision of the superintendent to another board (the board of adjustment) for final decision; and that if no such appeal had been taken by the plaintiff, he

(counsel for plaintiff) would appreciate if the superintendent would bring this matter to the attention of the board of adjustment for its final decision. To this letter the superintendent replied, on January 22d, 1938, that plaintiff's request to appeal was far beyond the thirty-day period and hence came too late.

Upon substantially these proofs the trial judge, who sat without a jury, concluded that it had "been conclusively established that any further resort by plaintiff to the tribunals set up in the agreement between the parties would be futile," and, accordingly entered a judgment in favor of the plaintiff and against the defendant in the sum of $263.75 and costs. Hence this appeal.

*First*: In such cases as this it is, of course, well settled that one who sues for benefits must first have exhausted all the remedies within the organization from which he seeks those benefits before he is entitled to resort to the courts. *Carrigan* v. *Plainfield Patrolmen's Benevolent Association* (*Court of Errors and Appeals*, 1939), 121 *N. J. L.* 559; 3 *Atl. Rep.* (*2d*) 587. This is so because the claimant, in his application for membership in the association, as here, agreed to abide by the regulations thereof. *Frawley* v. *Pennsylvania Railroad Co.*, 14 *N. J. Mis. R.* 492, 494; 186 *Atl. Rep.* 41, and 120 *N. J. L.* 161; 199 *Atl. Rep.* 34; *Ocean Castle, &c.*, v. *Smith*, 58 *N. J. L.* 545; 33 *Atl. Rep.* 849; *affirmed*, 59 *N. J. L.* 198; 35 *Atl. Rep.* 917; *Roxbury Lodge* v. *Hocking*, 60 *N. J. L.* 439, 441; 38 *Atl. Rep.* 693. *Cf. Cameron* v. *International, &c., Union No.* 384, 118 *N. J. Eq.* 11; 176 *Atl. Rep.* 692; 97 *A. L. R.* 594. We pause at this point to observe in the interest of accuracy, that the headnote in the Frawley case reported in 14 *N. J. Mis. R.* 492, although it is no part of the official opinion (*Harris* v. *Lahn*, 122 *N. J. L.* 91; 4 *Atl. Rep.* (*2d*) 772) does not correctly state the *ratio decidendi*. The judgment was not reversed for the reason stated in the headnote but rather because the trial court ignored the whole question of plaintiff's duty first to exhaust his remedies within his organization. If the court in giving the case to the jury had instructed them on the evidence as to whether the plaintiff had first exhausted his remedies within his organ-

ization there would have been an affirmance, in that case, as there was after the second trial, the result of which is reported in 120 *N. J. L.* 161; 199 *Atl. Rep.* 34.

Obviously, plaintiff made no attempt to comply with the regulations of his association by appealing, within thirty days, to the advisory board from the adverse decision of the superintendent. Nor is the letter of plaintiff's counsel to the superintendent after suit was brought a compliance therewith.

But plaintiff claims to fall within the exception to the general rule as stated. That exception makes compliance with the regulations unnecessary when it appears that compliance would be "futile" (*Frawley* v. *Pennsylvania Railroad Co.*, *supra*), or "futile, illusory or vain." *Mogelever* v. *Newark Newspaper Guild*, 124 *N. J. Eq.* 60; 199 *Atl. Rep.* 56.

We think that the stated exception to the general rule was both misunderstood and misapplied. The circumstances in the case at bar are unlike the circumstances in the Frawley cases. Here no act of defendant or its agent or representative frustrated any *bona fide* attempt by plaintiff to prosecute his appeal. One cannot, as plaintiff here, either because of alleged ignorance or otherwise, create the futility and then seek advantage by reason thereof. That is contrary to all rudimentary principles of justice. Plaintiff's failure to abide by the regulations which he assumed was, under the proofs of the case at bar, fatal to his right of recovery.

*Second:* We are not unmindful of the typical cases such as *Sansone* v. *Selvaggi*, 121 *N. J. L.* 274; 2 *Atl. Rep.* (*2d*) 355, and *Bacharach* v. *Mitnick*, 121 *N. J. L.* 401; 3 *Atl. Rep.* (*2d*) 92, which hold that this court does not, by virtue of *R. S.* 2:32-202, review findings of the District Court upon question of fact beyond inquiring whether there was any legal evidence upon which the finding may be based. But, our careful study of the record fails to disclose any legal proof in support of the findings of the court below. On the contrary, the proofs adduced firmly establish that plaintiff created the futility; he, therefore, should not benefit therefrom.

Judgment is reversed; the cause will be remanded to the court below there to be treated consistently with this opinion. Costs to abide the event.