CHARLES F. LOWENTHAL, RELATOR, v. HAROLD C. BRATT, BUILDING INSPECTOR OF THE CITY OF HACKENSACK, DEFENDANT, AND CITY OF HACKENSACK, RESPONDENT.

Submitted May 6, 1947—Decided June 3, 1947.

Before CASE, CHIEF JUSTICE, and Justices PARKER and BURLING.

For the relator, *George F. Losche.*

For the respondent, *Chandless, Weller & Kramer (Ernest Weller).*

The opinion of the court was delivered by

CASE, CHIEF JUSTICE. The case comes before us on an alternative writ of *mandamus,* the return thereto and an approved stipulation of facts. The relator desires to erect and operate a laundry on a tract of land which lies chiefly in the "D" or business district, partly in the "E" or industrial district but under such circumstances as to depend upon the zoning restrictions with respect to the "D" district in the City of Hackensack. The building inspector refused to issue the building permit for the location named in the original application; but he did issue a permit for the erection on so much of the premises as lies in the "E" district in accordance with an amended application filed by the relator. Upon the contention of relator and with the apparent acquiescence of the respondent we pass the question of whether the relator is

adversely affected by the amended application and the action thereon. The inspector grounded his refusal upon the finding that the proposed use was contrary to the provisions of the zoning ordinance.

Subdivision (a), (p) and (q) of section 4, article IV of the zoning ordinance provides as follows:

"r. D Districts—Within the districts designated as 'D' the trades or industries hereinafter set forth shall not hereafter be carried on, conducted or located; and no building designed for the uses hereinafter set forth shall be located or constructed therein, to wit:

"(a) Manufacturing other than light manufacturing. * * * *

"(p) Any trade, industry or use prohibited by section 5 of this article in E. Districts.

"(q) No trade, industry or business that is noxious or offensive by reasons of the emission of odor, dust, smoke, gas or noise."

Section 1, subdivision (m) of the ordinance provides as follows:

"1. The following words and terms, used in this ordinance, shall be construed as hereinafter set forth, unless otherwise expressly provided:

* * * * * * *

"(m) 'Manufacture' as used herein, is defined as the converting of raw, unfinished or finished materials or products, or any or either of them, into an article or articles or substance of a different character, or for use for a different purpose; also laundries, cleaning or pressing establishments and industries furnishing labor in the course of manufacture or the refinishing of manufactured articles."

We construe the language of the ordinance to mean that in "D" district manufacturing other than light manufacturing is forbidden and that the word "manufacturing" as there used includes laundries. "Manufacturing" is the comprehensive classification. "Light manufacturing" is the exception. This introduces a question which involved a decision by the inspector, namely, whether a laundry is to be classed as "manufacturing" outside of the exception or as within the excep-

tion "light manufacturing." The burden of bringing the application within the exception was and is upon the relator, and he produced no proof thereon before the inspector and produces none before us. We are unable without some showing to determine that a laundry enterprise of the proportions here involved is light manufacturing as a matter of law.

The return also asserts that the use applied for, which includes a hundred horse power motor and a seventy foot smoke stack, is within the zoning restriction against a business that is noxious or offensive by reason of the emission of dust, smoke, noise, gas or odor. There is no proof thereon except such inferences as may be drawn from the use of a high powered motor and a tall smoke stack and the general aspects of a laundry. Here, too, we are unable to determine as a matter of law that the proposed operation will not be offensive by reason of one or another of the enumerated emissions.

There is neither a demurrer to the legal sufficiency of the writ nor a traverse of the alleged facts. As the return raises a substantial defense the respondent is entitled to have the relator either traverse or demur. *Gallager* v. *Board of Public Works*, 45 *N. J. L.* 465. Since at least some of the facts are settled by a stipulation and questions of procedure or form of remedy are not raised, we assume that the relator is proceeding as though the facts are not in dispute and seeks a decision, *Tzeses* v. *Barbahenn*, 125 *Id.* 643, as on demurrer to the sufficiency of the return measured by the allegations of facts therein as affected or supplemented by the stipulated facts. To warrant the issuing of a writ of *mandamus* in any case the right of the applicant to it must be clear and the public duty sought to be enforced must be clear and specific. The writ is never granted in a doubtful case. *Uszkay* v. *Dill*, 92 *Id.* 327; *Ziegler* v. *City Manager*, 115 *Id.* 328, 330; *Beronio* v. *Pension Commission*, 130 *Id.* 620, 623.

In accordance with the facts and legal principles stated above judgment will go against the relator, which, following the prayer of the return, will be that the writ be dismissed, with costs.