DAVID MORRIS, RELATOR, v. THE UNITED PIECE DYE WORKS, A CORPORATION, AND ALFRED APPEL, RESPONDENTS.

Argued May 4, 1948—Decided June 9, 1948.

Before Justices DONGES, COLIE and EASTWOOD.

For the relator, *Samuel Morris.*

For the respondents, *Milton, McNulty & Augelli (John Milton,* of counsel).

The opinion of the court was delivered by

COLIE, J. Relator holds 20 shares of preferred stock in the respondent corporation out of an outstanding issue of 66,447 shares. He desired a list of the preferred stockholders for the purpose of presenting to them a plan of recapitalization and communicated that desire to the company but it declined to grant the request and countered with the suggestion that relator might meet with a committee appointed by the board of directors and discuss the plan of recapitalization with it. This offer relator declined.

The law is settled that a stockholder has a right to inspect the books of the corporation where the application is made in good faith and is for a purpose germane to the applicant's rights as a stockholder. *Feick* v. *Hill Bread Co.,* 91 *N. J. L.* 486; *affirmed,* 92 *Id.* 513. It needs no extended discussion to establish that a plan of recapitalization is germane, *i. e.,*

relevant, to the rights of a stockholder. Respondents do not challenge that the purpose is germane. They contest the application on the ground that it is not made in good faith. The burden of proof of bad faith is upon the corporation refusing the right of inspection to a stockholder. *Vernam* v. *Scott*, 12 *N. J. Mis. R.* 177. The respondents point out that relator is a stockbroker, that he mailed some fifteen postcards to stockholders offering to buy or sell the corporation's preferred stock and that he refused to submit his proposed plan of recapitalization to the committee of the board of directors. We discern no evidence of bad faith in the aforesaid. No stigma attaches to relator by reason of his being a dealer in stocks, nor in circulating a limited number of stockholders with offers to buy or sell a particular class of stock of the respondent corporation. The refusal to discuss the proposed plan with the directors' committee may have been the exercise of poor judgment but it cannot reasonably be said to amount to bad faith.

A peremptory writ of *mandamus* is allowed, with costs.