MICHAEL SIENA, PLAINTIFF, v. GRAND LODGE OF THE STATE OF NEW JERSEY, ORDER SONS OF ITALY IN AMERICA, A CORPORATION AND JOSEPH GIZZI, LOUIS J. LIQUORI AND GERARDO IERVOLINO, DEFENDANTS.

Superior Court of New Jersey
Law Division

Submitted May 25, 1950—Decided June 6, 1950.

*Mr. Joseph H. Lerner,* for the plaintiff.

*Messrs. McCarter, English & Studer* (by *Mr. Merritt Lane, Jr.*), for the defendants.

JOSEPH L. SMITH, J. S. C. ▮ This is an action in lieu of a prerogative writ, and in the instant case it would have been a writ of *mandamus.* Such a proceeding is of ancient origin, having been invoked since the time of Edward the Third. It was issued by the King in accordance with his pleasure, when in those days he was supposed to have sat personally as Judge of the Court of the King's Bench. It is a remedy clearly within the discretion of the Court.

"According to the theory of the common law, he (King) was the fountain of justice, and where the laws did not afford a remedy, and enable the individual to obtain his right by the regular forms of judicial proceedings, the prerogative powers of the sovereign were brought in aid of the ordinary judicial powers of the court, and *mandamus* was issued in his name to enforce execution of the law." 34 *Amer. Juris.,* "*Mandamus,*" § 3, *page* 810.

The present proceeding is one which seeks a remedy at law. The plaintiff herein is a member in good standing of the

Gabriele D'Annunzio Lodge No. 22, Order Sons of Italy in America, since September 13, 1923, and he has been a member of the Mortuary Fund since September 28, 1925. He is still a member in good standing and has paid into said Fund approximately $200. The Mortuary Benefit Fund is a fund paying policy holders therein $200 upon the death of their wives, and their wives are paid $400 at the policy holders' death.

The defendant Grand Lodge of the State of New Jersey, Order Sons of Italy in America, is a voluntary fraternal organization and a part of the Supreme Lodge, Order Sons of Italy in America. The plaintiff was a Grand Delegate to the Grand Lodge Conventions from 1923 through September, 1946, and was Grand Corresponding Secretary from September, 1936, through September, 1946.

In this proceeding the plaintiff seeks a judgment that he be permitted to examine and have audited the books of record, ledgers, cash books, deposit books, bank statements, Mortuary Fund books of account, books and records of the Orphans' Home, and all other books and records of the defendant corporation.

The arguments, evidence, testimony, and exhibits took five days to present to this Court.

■■ The defendant contends that the plaintiff has not exhausted all the remedies within the Local Lodge, Grand Lodge and Supreme Lodge. The evidence adduced would indicate to this Court that he has exhausted his remedies and complied with all the legal requisites within the defendant Association itself and he is now properly taking recourse to this Court. As to the plaintiff's right to prevail it is well settled that a writ of *mandamus* should not issue in doubtful circumstances, *Murphy v. Jos. Hollander, Inc.,* 131 *N. J. L.* 165, 34 *A.* 2d 780 (*Sup. Ct.* 1943) ; *Lowenthal v. Bratt,* 135 *N. J. L.* 572, 53 *A.* 2d 306 (*Sup. Ct.* 1947). The plaintiff, of course, has the burden of proving his case by the fair preponderance of the evidence, that is, by the greater weight of the evidence, before being entitled to a verdict.

■ *Mandamus* will not lie if the application is made in bad faith. The burden of so proving is on the defendant. It urges the plaintiff's characteristics or actions are evidence of bad faith and, therefore, he should not receive a verdict. *Morris v. United Piece Dye Works,* 137 *N. J. L.* 262, 59 *A.* 2d 660 *(Sup. Ct., June,* 1948); *Vernam v. Scott,* 12 *N. J. Misc.* 177, 171 *A.* 171 *(Sup. Ct.* 1934); *McMahon v. Dispatch Printing Co.,* 101 *N. J. L.* 470, 129 *A.* 425 *(Sup. Ct.* 1925); *Fuller v. White Metal Mfg. Co.,* 13 *N. J. Misc.* 591, 180 *A.* 231 *(Sup. Ct.* 1935).

■ Of course, if a compliance with the rules and laws would be futile, then the exhaustion of such remedies would be nugatory. *Frawley v. Pennsylvania R. Co.,* 14 *N. J. Misc.* 492, 186 *A.* 41 *(Sup. Ct.* 1936); *Mogelever v. Newark Newspaper Guild,* 124 *N. J. Eq.* 60, 199 *A.* 56 *(E. & A.* 1938).

■ The defendant claimed there was ratification. Such defense would be effective if the plaintiff were the sole beneficiary or party whose rights are under consideration. The entire membership of the Lodge may be affected, so that if there was ratification by the plaintiff it should not act as a bar to the interest of the other members of the Order.

In *Re De Vengoechea,* 86 *N. J. L.* 35, 91 *A.* 314 *(Sup. Ct.* 1914), the Court said it will be ordered "* * * only when a case is presented which indicates not only a *bona fide* desire to safeguard the interest of all stockholders, but a probability that the interests of all will be served by the proposed investigation * * *."

■ As to the suggestion that under chapter 381 of the Laws of 1948 the action must be commenced within thirty days, it is clear to this Court that it is not a proper bar to this action because the right of accrual was within the statutory period, this suit having been commenced on December 9, 1948.

Taking into consideration the fact that the plaintiff exhausted all the remedies available to him in the Lodge and Order and that further attempts would be "futile," as above stated, from the date when the Supreme Lodge failed to order

an inspection of the books of Lodge 22, he is within the time period.

The witnesses and their evidence in behalf of the plaintiff suggests that only through an independent audit of the affairs of the defendant Association, can a true picture, in behalf of its membership, be presented. If the proofs and the evidence disclose that an examination of the books and records will serve a legitimate interest of the plaintiff and that there is no showing of bad faith but that it is instituted in good faith and for a specific purpose, a judgment should be rendered for the plaintiff. *Fuller v. Alexander Hollander & Co.,* 61 *N. J. Eq.* 648, 47 *A.* 646 (*E. & A.* 1900); *Drake v. Newton Amusement Corp.,* 123 *N. J. L.* 560, 9 *A.* 2d 636 (*Sup. Ct.* 1939); *Rosenfeld v. Einstein,* 46 *N. J. L.* 479 (*Sup. Ct.* 1884); *Bruning v. Hoboken Printing & Publishing Co.,* 67 *N. J. L.* 119, 50 *A.* 906 (*Sup. Ct.* 1902); *O'Hara v. National Biscuit Co.,* 69 *N. J. L.* 198, 54 *A.* 241 (*Sup. Ct.* 1903); In *re De Vengoechea, supra; Feick v. Hill Bread Co.,* 91 *N. J. L.* 486, 103 *A.* 813; affirmed, 92 *N. J. L.* 513, 105 *A.* 725 (*E. & A.* 1919); *McMahon v. Dispatch Printing, supra; Szeman v. Capitol Theatre,* 3 *N. J. Misc.* 120, 127 *A.* 325 (*Sup. Ct.* 1925); *Huylar v. Cragin Cattle Co.,* 40 *N. J. Eq.* 392, 2 *A.* 274 (*Ch.* 1885).; *Vernam v. Scott, supra.*

The present action is proper to seek the remedy that plaintiff contends has accrued to him.

This Court finds that the plaintiff acted in good faith and for a specific purpose. All of the proof clearly sustain these facts. *Bruning v. Hoboken Printing & Publishing Co., supra; Schroeck v. J. M. Quimby & Co.,* 102 *N. J. L.* 564, 134 *A.* 92 (*Sup. Ct.* 1926).

The rule is well settled that the common law writ of *mandamus* will issue only when the application is made in good faith and for a specific purpose.

The writ will not be granted to gratify curiosity or further ulterior motives, *Schroeck v. J. K. Quimby & Co., supra.*

I am not impressed with any evidence suggesting an ulterior

motive on the part of the plaintiff but rather that what he seeks is for the benefit of the entire membership, and incidently the defendant itself, so that the true state of the financial affairs may be submitted to the entire membership. The Court fails to see where a finding in favor of the plaintiff will result in any greater benefit to the plaintiff than to any other member of the Order. His demand is certainly no greater than his right as a member of the Lodge.

The right of a stockholder to inspect the books of a corporation when made in good faith and germane, relevant, to his rights as a stockholder, has long been recognized. *Feick v. Hill Bread Co., supra.* Chancellor Runyon in *Huylar v. Cragin, supra,* said, 40 *N. J. Eq.,* at *page* 398:

"And they are entitled to inspection, although their only object is to ascertain whether their affairs have been properly conducted by their directors or managers. Such a right is necessary to their protection."

The books and records of the defendant are not the private property of its officers but are the records of their transactions as trustees of its membership.

The only audit up to two years ago any of these books had, was by members of the organization. Now for the last two years a certified public accountant has been engaged to make some kind of audit. The members of the organization, officers, who made this examination were laymen, not trained in the field of accounting.

The accounting and examination sought cannot hurt or harm the defendant. It is not to be conducted at its expense but to be paid for by the plaintiff personally. Such an examination would benefit all. See also *State v. United States Copper Co.,* 30 *N. J. L. J.* 309 (*Sup. Ct.* 1907); *Trimble v. American Sugar Refining Co.,* 61 *N. J. Eq.* 340, 48 *A.* 912 (*Ch.* 1901); *Maeder v. Buffalo Bill's Wild West Co.,* 132 *F.* 280 (*Circ. Ct. Dist. N. J.* 1904); *Szeman v. Capitol Theatre, supra; Morris v. United Piece Dye Works, supra; Mateer v. New Jersey Tel. Co.,* 5 *N. J. Misc.* 261, 136 *A.* 317 (*Sup. Ct.* 1927).

The annual report originally submitted for the fiscal year of the corporate defendant from June 30, 1944, to July 1, 1945, admittedly was incorrect; in fact, this Court from the evidence is still unable to reconcile the original report and an amendment thereof. Therefore, commencing with the fiscal year aforesaid and not any year prior thereto, that is from the fiscal year commencing June 30, 1944, up to and including the fiscal year commencing June 30, 1948, judgment will be entered in favor of the plaintiff against the defendant, provided that the plaintiff to whom judgment in favor has been rendered, in exercising the examination and inspection of the books, records, and accounts of the defendant, he employ at his own personal expense, certified public accountant William Kalb and that at all times during such examination, if the defendant desires, it may have present Massa Company of Montclair, or Massa Company's representative.

The plaintiff further, in accordance with his stipulation, will furnish a copy of the audit examination by his accountant to the defendant and also a copy of same is to be filed with the clerk of this Court. The time for this examination and audit shall be fixed by agreement between counsel and should be completed without unnecessary procrastination and delay; it would seem to this Court within not more than thirty days from today such an examination should be completed.

This Court wants it clearly understood that in finding in favor of the plaintiff it is not pre-judging nor, in fact, attempting to say that there is any wrongdoing or mismanagement by the defendant or anyone connected with it; however, I am of the opinion that this Court in finding in favor of the plaintiff against the defendant, as heretofore stated, may result in benefit to all concerned. I believe that this action has been instituted in good faith, as heretofore stated, and is germane, that is, competent to a status and interest of all the members of this organization. *State v. United States Copper Co., supra.*

An order for judgment may be submitted accordingly.